[Civ. No. 1376. Second Appellate District.—December 19, 1913.]

## JOHN F. CONNELL, Respondent, v. FORREST J. HARRIS. et al., Appellants.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH REAR END OF WAGON—ABSENCE OF LIGHT AS REQUIRED BY ORDINANCE—ADMISSION BY PLEADING.—In an action by the owner of an automobile for damages caused to it by its collision with the rear end of a wagon loaded with heavy timbers, the failure of the defendant to deny the existence of the ordinance alleged by the complaint to exist and to require the drivers of vehicles in the night-time to display a white light in front and a red light in the rear, admits the existence of the ordinance and renders proof thereof unnecessary.

ID.—DRIVER OF WAGON—WHEN NOT AN INDEPENDENT CONTRACTOR.—The fact that the owner of the wagon had, at the time of the collision, left the vehicle and turned its possession over to a third person who had contracted to haul the timbers, does not make the latter an independent contractor and relieve the owner from liability on account of the accident, where the owner took part in placing the timbers on the wagon, rode some distance thereon, and assisted in placing the white light on the front of the wagon.

ID.—INDEPENDENT CONTRACTOR—NEGLIGENT USE OF PROPERTY—LIABILITY OF OWNER.—The owner of property is not responsible for negligence in the use of that property by an independent contractor to whose possession it has been surrendered for some lawful purpose.

ID. — WHAT CONSTITUTES INDEPENDENT CONTRACTOR — RETENTION OF CONTROL BY EMPLOYER.—In order to constitute such third person an independent contractor, it is necessary that he shall have control of the manner in ·which the contract work shall be done and be responsible only for the results of the work. If the employer retains the right to direct the manner in which the work shall be done, the employed person becomes his servant and the employer remains responsible for negligence of the servant.

ID.—VIOLATION OF ORDINANCE—NEGLIGENCE PER SE.—The violator of a local ordinance is guilty of negligence per *se,* if such violation contributes proximately to an accident.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Edgar T. Zook, Judge presiding.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellants.

R. L. Horton, for Respondent.

CONREY, P. J.—The defendants appeal from the judgment and from an order denying their motion for a new trial.

The plaintiff brought this action to recover damages for injuries caused to his automobile in a collision with the rear end of a wagon belonging to defendants. The collision occurred at night on the Washington Street Boulevard in the county of Los Angeles while both vehicles were going westerly from Los Angeles and toward Santa Monica. The wagon of the defendants, loaded with heavy timbers, carried no light, except a white light attached to said timbers. According to the allegations of the complaint, which are not denied in the answer of the defendants, an ordinance of the county of Los Angeles in force at the time of the accident provided that it was unlawful for any person to drive any vehicle upon any highway or public place during the period from one hour after sunset to one hour before sunrise, without having attached to the left side of such vehicle "a lamp showing a white light visible in the direction toward which said vehicle is proceeding and a red light visible in the reverse direction, or unless there is attached to the front of such vehicle a lamp showing a white light visible in the direction toward which

said vehicle is proceeding and also a lamp attached to the rear of said vehicle showing a red light visible in the reverse direction."

It is alleged in the complaint that the defendants at said time did not have "any light of any kind or character upon the rear part or portion of said wagon as required by a certain ordinance of the county of Los Angeles hereinafter referred to, by reason of which negligence on the part of said defendant" the injuries described were caused. The evidence shows that the plaintiff's driver was misled by the white light on the rear of the wagon of the defendants, as well as by the absence of any red light. According to the ordinance, a white light indicated an approaching vehicle, whereas a red light would have truly indicated that the vehicle was moving westerly. This was especially important not only as showing the direction in which the wagon was moving, but also as indicating which side of the road it was entitled to use.

The wagon was the property of defendants, but they denied that at the time of the collision it was in their possession or under their control. They had bought these timbers in Los Angeles. Then they had approached one Olivares, a teamster, and agreed with him that he should haul the timbers to Santa Monica for six dollars. As the wagon of Olivares was too small to properly carry the timbers, a larger wagon of the defendants was used, together with the horses of Olivares. The defendant Albert Harris went with Olivares and showed him the way to the yards where the timbers were and helped to load them and then rode with Olivares for some distance out Washington Street. Olivares testified as follows: "Harris rode a ways, then took the car and went home. When he left he told me to take the timbers home, and I took them there because he told me so." Harris and Olivares acted together in procuring the white-light lantern and fastening it to the timbers.

Counsel for defendants, after first arguing that there is not in the complaint any sufficient allegation of negligence, next contend that if the alleged failure to have such lights as were required by the ordinance did constitute negligence, the proof failed because the plaintiff did not introduce any evidence of the existence of the ordinance. To this the plaintiff's counsel responds that the pleading of the ordinance

was a material part of his cause of action, and that in the absence of an issue raised by denial it was not necessary to offer evidence to prove the ordinance. It is a fact that the answer on file contains no denial of the existence of the ordinance. On this part of their case the defendants rely on the decision in *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 669, [16 Ann. Cas. 1061, 98 Pac. 1063]. In that case the plaintiff having been injured in an elevator belonging to defendant company, charged the defendant with negligence in having placed said elevator in charge of an incompetent employee. . The complaint did not plead the existence of any ordinance, but the plaintiff introduced in evidence a certain ordinance of the city of Los Angeles making it unlawful for any one to operate any such elevator as that of the defendant, unless licensed to do so; and also proved that the boy in charge of the elevator was not licensed.

In the decision above mentioned the supreme court in ruling that the ordinance was properly admitted in evidence, said: "The cause of action here alleged was not a violation of the ordinance, but the negligence of the defendant, and the ordinance was simply evidence offered to show such negligence. Under our system of pleading, it is both unnecessary and improper to plead the evidence relied on to establish the ultimate facts essential to a cause of action." It was further stated, following a Missouri decision, that where the suit is based on an ordinance it should be pleaded, but that where the ordinance is merely sought to be introduced as an evidentiary fact, it need not be pleaded, since it is necessary to plead only the ultimate and substantial facts necessary to state the cause of action. The court further says: "Some of the cases cited by counsel for defendant were cases where it was not attempted to allege any negligence other than the violation of an ordinance; and the ordinance was not well pleaded. If the allegation as to the ordinance was stricken out, nothing remained to show negligence. Of these, *Lake Erie & W. R. Co.* v. *Mikesell*, 23 Ind. App. 395, [55 N. E. 488], is an example. In such cases it is held that the ordinance must be properly pleaded, and that the complaint should also aver that the ordinance was in force at the time of the occurrence of the act complained of. Such ruling does not appear to us to be inconsistent with our conclusion."

The Indiana case was one where the defendant was charged
with negligence in running its train in a manner constituting
a violation of an ordinance passed some eight years before.
It was held that the complaint was defective in that it did
not show that the ordinance was in force at the time of the
accident there in question. It was taken for granted, how-
ever, that negligence can be pleaded as consisting in the vio-
lation of an existing ordinance, where such negligence was a
proximate cause of the injury.

Our attention has not been called to any decision other than
*Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 663, [16 Ann. Cas.
1061, 98 Pac. 1063], as authority for the proposition that
negligence cannot be specially predicated upon the violation
of an ordinance, and we see no substantial reason why it may
not be done. Our conclusion is that the failure of defend-
ants to deny the existence of said ordinance admitted the
fact of its existence and evidence thereof was not necessary.
It may be noted here that the complaint in this action spe-
cifically alleges that said ordinance was in full force and
effect at the time of the accident. "It is the settled rule in
this state, under the doctrine of the Californian cases above
cited, that the violator of a local ordinance is guilty of negli-
gence *per se,* if such violation contributes proximately to the
accident." (*Stein* v. *United Railroads,* 159 Cal. 368, 372,
[113 Pac. 663].)

The defendants contend that they were not in possession of
the wagon or timbers at the time that the injuries to plain-
tiff's automobile were received. We concede the general doc-
trine stated by defendant's counsel, that the owner of prop-
erty is not responsible for negligence in the use of that prop-
erty by an independent contractor to whose possession it has
been surrendered for some lawful purpose. In order to con-
stitute such third person an independent contractor it is
necessary that he shall have control of the manner in which
the contract work shall be done and be responsible only for
the results of the work. If the employer retains the right
to direct the manner in which the work shall be done, the
employed person becomes his servant and the employer re-
mains responsible for negligence of the servant. Upon the
facts above stated we conclude that the defendants, after
making their contract with Olivares, retained some control

over the manner in which he should do the work. Albert Harris went with the driver and directed in which way he should go to the yard. He personally took part in placing the timbers on the wagon. He was still riding on the wagon after it was started for Santa Monica and after the night was so far advanced that a light became necessary. He personally procured the white light and assisted in placing it on the wagon. The mere fact that he left the wagon and told Olivares to drive on to Santa Monica alone, is not sufficient to relieve the defendants from their responsibility. A similar question arose in *Majors* v. *Connor,* 162 Cal. 131, [121 Pac. 371], where the supreme court said: "Even if the agreement as originally made could be considered as one whereby Majors became an independent contractor, nevertheless, Connor by assuming to direct the work either personally or through his foreman, took the responsibility upon himself and his codefendant which might have rested otherwise upon plaintiff." And the court cites 1 Thompson on Negligence, section 658, where that author says: "If the proprietor interferes with the work of the contractor, and directs a particular thing to be done, from which injury results, obviously he will be liable, for it is his own personal act."

Finally, the superior court found upon the evidence that the violation of the alleged ordinance was the proximate cause of the injury in this case, and that the injuries were not caused by the negligence of plaintiff. We think the evidence adequately supports those findings.

The judgment and the order denying a new trial are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 15, 1914.