[S. F. No. 7070.    Department Two.—June 7, 1917.]

## FRESNO TRACTION COMPANY (a Corporation), Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), Appellant.

Negligence—Duty Imposed by Law.—The failure of any person to perform a duty imposed by law is sufficient evidence of negligence. But no action for damages may be founded upon such negligence unless it directly contributed to the injury.

Id.—Collision at Intersecting Railroad Tracks—Violation of Ordinance Requiring Safety Gates—Evidence.—In an action by a transportation company against a similar company, to recover damages resulting from a collision at the place of intersection of their respective tracks, it is proper to admit in evidence, in support of the general allegation that the collision was due to the defendant's negligence, a municipal ordinance requiring the defendant to maintain and operate safety gates at the crossing where the accident occurred, notwithstanding the evidence showed that the defendant had ceased to operate the gates for several months preceding the collision, and that this fact was known to the plaintiff and to its motorman in charge of the car which was demolished.

Id.—Continued Disobedience of Ordinance.—The rule of law that proof of disobedience of an ordinance constitutes proof of negligence *per se* is not altered by the fact that the corporation bound under that ordinance to maintain a device intended for the safety of the public proves its continued disobedience of the law.

Id.—Discontinuance of Use of Gates by Mutual Consent—Proximate Cause of Collision.—If by mutual consent of the owners of the intersecting tracks use of the safety gates had been discontinued and a system of signals by watchmen had been substituted, these facts, if proven, constitute a complete showing that the negligence involved in the violation of the ordinance was not the proximate cause of the collision.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.    H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

U. T. Clotfelter, James Gallagher, A. H. Van Cott, E. W. Camp, and Robert Brennan, for Appellant.

Short & Sutherland, Everts & Ewing, and Carl E. Lindsay, for Respondent.

MELVIN, J.—Defendant appeals from a judgment for three thousand dollars by way of damages and from an order denying its motion for a new trial.

The cause was tried before a jury. Plaintiff and defendant are transportation companies. Their tracks intersect at a street crossing in the city of Fresno and at that place, in the night-time, one of defendant's trains backed into a car belonging to plaintiff, causing the damages for which judgment was given.

The complaint alleged that the injury to the property of the plaintiff was caused by the negligence of defendant's employees in the operation of a freight train. It was specifically charged that defendant's servants were negligent because of the failure to maintain lights upon the rear end of the train which backed into plaintiff's electric car; by reason of the neglect to ring the bell or blow the whistle of the locomotive; and owing also to the fact that a watchman employed by defendant and stationed near the point of intersection of the tracks gave the motorman and conductor of plaintiff's car a signal that a safe crossing might be made. There was also the general allegation, usual in such complaints, that the collision was wholly caused by the carelessness and negligence of the defendant and without any fault on the part or behalf of plaintiff. The answer denied the acts of negligence specifically set forth in the complaint and pleaded as a distinct defense that the collision was caused solely and proximately by the negligence of plaintiff's servants.

The principal contentions on behalf of defendant in favor of a reversal (and the only ones requiring discussion by this court) are made in connection with the admission in evidence of an ordinance of the city of Fresno and certain instructions with reference to that by-law given by the court to the jury. This ordinance required the maintenance and operation of safety gates by defendant at the crossing where the accident occurred, and it was shown by the evidence that, in obedience to the mandate of the law, defendant had erected such gates. But because it was shown without contradiction that for several months preceding the collision defendant had ceased to operate the gates and that this fact was known to plaintiff and particularly to the motorman in charge of the car which was demolished, it is argued that

the ordinary rule with reference to negligence imputable to a defendant by its violation of a statute has no application to the case at bar, and that the introduction of the ordinance and the giving of instructions based thereon amounted to error entitling the Atchison, Topeka & Santa Fe Railway Company to a new trial.

We do not agree with this contention. It is the settled law of California that the failure of any person to perform a duty imposed by law is sufficient evidence of negligence. But no action for damages may be founded upon such negligence unless it directly contributed to the injury. (*McKune* v. *Santa Clara Valley Mill & Lumber Co.*, 110 Cal. 480–486, [42 Pac. 980]; *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663–667, [16 Ann. Cas. 1061, 98 Pac. 1063]; *Stein* v. *United Railroads*, 159 Cal. 368–371, [113 Pac. 663]; *Simoneau* v. *Pacific Electric Ry. Co.*, 166 Cal. 264–269, [49 L. R. A. (N. S.) 737, 136 Pac. 544]; *Fenn* v. *Clark*, 11 Cal. App. 79–81, [103 Pac. 944]; *Scragg* v. *Sallee*, 24 Cal. App. 133–143, [140 Pac. 706]; *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal. App. 318–327, [147 Pac. 90].) The rule of law that proof of disobedience of an ordinance constitutes proof of negligence *per se* is not altered by the fact that the corporation bound under that ordinance to maintain a device intended for the safety of the public proves its continued disobedience of the law. This, of course, will not be disputed, nor will anyone deny the right of the legislative body having proper police power to prescribe such automatic appliances rather than the constant attendance of watchmen. Safety gates rarely get out of order and never get drunk or careless. If, however, by mutual consent of the owners of intersecting tracks, use of the safety gates has been discontinued and a system of signals by watchmen has been substituted, those facts, if proven, constitute a complete showing that the negligence involved in the violation of the law was not the proximate cause of any collision. But it does not follow by any means that where the negligence of the defendant, in a case like this, is averred generally as well as specifically, the court is in error in admitting the violated ordinance and in stating to the jury the law substantially as it is expressed in the foregoing citations. The ordinance and its violation became relevant under the general averments of the complaint. Such a matter is essentially one of

evidence and not of pleading. (*Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, [16 Ann. Cas. 1061, 98 Pac. 1063]; *Connell* v. *Harris*, 23 Cal. App. 537, [138 Pac. 949].)

As the ordinance was properly received in evidence, it was permissible for the court to instruct the jury upon the law of negligence as declared by our decisions. This was done. That failure to comply with an ordinance such as the one introduced in evidence would be negligence on the part of defendant was stated to the jury, but the jurors were also told that upon the plaintiff was placed the burden of proving by a preponderance of the evidence that "the sole proximate cause of the collision . . . was the negligence of the employees of the said defendant." Taken all together, the instructions fairly stated the law to the jury, and we cannot see that defendant was prejudiced. The motorman in charge of plaintiff's electric car testified unequivocally that he knew of the disuse of the safety gates for several months immediately preceding the collision. The conclusion is almost inevitable, therefore, that the verdict was founded upon other elements of negligence which were supported by abundant evidence tending to establish also their proximate relation to the destruction of the plaintiff's car.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.