[Civ. No. 2292. First Appellate District.—January 23, 1918.]

## PETER SANTINA, Respondent, v. RICHARD R. TOMLINSON, Appellant.

NEGLIGENCE—STREET ORDINANCES—PLEADING AND EVIDENCE.—In an action for personal injuries received from a collision with an automobile on a city street, the existence of a traffic ordinance and the fact of its violation are essentially matters of evidence and not of pleading, and therefore are, generally speaking, admissible in evidence under the general averment of negligence.

ID. — COLLISION BETWEEN STREET-CAR PASSENGER AND AUTOMOBILE — TRAFFIC ORDINANCE — ADMISSION ERRONEOUS. — In an action for damages for personal injuries sustained by a passenger on a street-car while in the act of alighting on the left-hand side of the car, from being struck by a passing automobile running nearer to the left running-board of the car than six feet, it was prejudicial error to admit in evidence a traffic ordinance providing that the driver of a vehicle shall keep such vehicle at least six feet on the right-hand side from the running-board of any street-car which is stopping for the purpose of taking on or discharging passengers.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Chas. L. Brown, and John J. Mazza, for Respondent.

Hadsell, Sweet & Ingalls, for Appellant.

LENNON, P. J.—This is an appeal from a judgment in favor of the plaintiff in the sum of three hundred dollars damages.

Peter Santina, the plaintiff, was riding on a street-car traveling in a northwesterly direction along Columbus

Avenue, in the city and county of San Francisco. When the car approached the crossing of Vallejo Street and Columbus Avenue the plaintiff asked the conductor to stop at Vallejo Street. There is a conflict in the testimony as to whether or not the car had fully stopped when the plaintiff alighted, but the testimony is clear to the effect that the plaintiff swung off the front left-hand side of the car. Immediately upon reaching the ground plaintiff started for the corner of Columbus Avenue and Vallejo Street. A Ford automobile was parked along the curbing on Columbus Avenue and plaintiff descended from the street-car in front of this machine. Defendant, Dr. Tomlinson, driving his automobile, was traveling in a southeasterly direction along Columbus Avenue, and was passing the parked Ford car, driving the wheels of his automobile astride the outer rail of the westerly car track at the time plaintiff alighted. The plaintiff had taken a couple of steps when he was struck by defendant's automobile. The car upon which the plaintiff was riding was composed of three sections, an open front, a closed middle section, and an open back, and passengers could, if they desired, board or alight from the car without interference on either side thereof.

The principal point made in support of the appeal is that the trial court erred to the prejudice of the defendant in permitting in evidence over objection a traffic ordinance of the city and county of San Francisco which provides that "Every person riding, driving, propelling or in charge of any vehicle upon any street shall keep such vehicle at least six feet on the right-hand side from the running-board or lower step of any street-car which is stopping for the purpose of taking on or discharging passengers."

The only objection made to the introduction of the ordinance in evidence was that it was immaterial, and it is now urged that this objection was well taken, because the plaintiff failed in the first instance to plead the ordinance and that the evidence adduced in support of the plaintiff's case did not establish, nor tend to establish, any fact or set of facts upon which the ordinance in question had any natural legitimate bearing or influence. With reference to the first phase of this contention it will suffice to say that in actions of this character the existence of an ordinance and the fact of its violation are essentially matters of evidence and not of plead-

ing, and therefore are, generally speaking, admissible in evidence under the usual general averment of negligence such as was made in the present case. (*Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, [16 Ann. Cas. 1061, 98 Pac. 1063]; *Connell* v. *Harris*, 23 Cal. App. 537, [138 Pac. 949]; *Fresno Traction Co.* v. *Atchison etc. Ry Co.*, 175 Cal. 358, [165 Pac. 1013].)

The second phase of the defendant's contention concerning the materiality of the ordinance in question is well taken and must be sustained. Although not required to be specifically pleaded, nevertheless the existence of the ordinance and the fact of its violation were neither relevant nor material in the face of the manifest fact that the ordinance itself had no application to the main, material facts and circumstances developed upon the plaintiff's case concerning the cause and character of the collision of the defendant's automobile with the plaintiff. For instance, it was an established fact of the plaintiff's case that the defendant was driving an automobile in a southerly direction upon his right-hand side of the street where he was privileged and required to be, and that the street-car was proceeding in a northerly direction upon the opposite side of the street. Thus it will be seen that the defendant's automobile was traveling to the left of the street-car as the car itself was proceeding in an opposite direction up Columbus Avenue. While there was some evidence that the defendant's automobile was traveling less than six feet away from the left-hand running-board of the street-car at or about the time it was stopped to permit the defendant to alight therefrom, nevertheless the ordinance in question plainly and unequivocally pertains to and prohibits the driving of an automobile on the right-hand side of a stopping street-car closer than six feet from the running-board on that side of the car. In other words, the ordinance plainly refers to one and only one running-board, and that is the running-board on the right-hand side of the street-car. No other construction can be placed upon the ordinance.

This being so, and the evidence showing without conflict that the defendant's automobile never approached the right-hand running-board of the car upon which the plaintiff was riding, it seems very clear that the ordinance in question was entirely irrelevant and immaterial to the facts established and relied upon by plaintiff to support his cause of action

for negligence and damages. That the admission of the ordinance in evidence was prejudicial to the defendant is obvious. Undoubtedly it had a tendency to cause the jury to believe that the defendant had been guilty of a violation of it. Its admission could serve no other purpose, and serving that purpose doutbless prejudiced the defendant and his case upon the issue of negligence in the eyes of the jury.

It is further contended upon behalf of the defendant that the evidence does not support the finding of the jury implied from the verdict that the defendant was guilty of negligence in the operation of his automobile at the time of the collision and that the evidence on the other hand does show that the plaintiff was guilty of contributory negligence.

The argument made in support of this contention is directed largely to a consideration of the weight of the evidence and the credibility of the witnesses, and we are satisfied, after a review of the record, that the question of the negligence of the defendant and the claimed contributory negligence of the plaintiff were, under all of the facts and circumstances of the case, questions of fact for the jury to determine, and were therefore properly submitted to it for decision.

The judgment and order appealed from are reversed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.