[L. A. No. 4762. Department One.—June 8, 1919.]

DAVID BAILLARGEON, a Minor, etc., Respondent, v.
J. H. W. MYERS, Appellant.

[1] NEGLIGENCE — PERSONAL INJURIES — COLLISION BETWEEN AUTOMO-
BILE AND BICYCLE—CONFLICT OF EVIDENCE—APPEAL.—In an action
to recover 'damages for personal injuries received in a collision
which occurred between an automobile owned by defendant and a
bicycle on which plaintiff was riding, where the plaintiff sought
recovery for an alleged violation by defendant of a city ordinance
requiring vehicles to travel on the right-hand side of the street,
and the defendant claimed excuse for such violation because of
the condition of traffic on such side of the street, it must be as-
sumed in support of the judgment for plaintiff, where the evidence
was in conflict as to the condition of the traffic, that the jury
found that the ordinance was being violated, and that the condi-
tion of the traffic was not such as to excuse such violation.

[2] ID.—LIABILITY FOR INJURY.—Under such circumstances, the defend-
ant was guilty of negligence *per se*, and is liable for the injury, if
such negligence was the proximate cause of the injury, and if the
plaintiff was free from contributory negligence.

[3] ID.—PROXIMATE CAUSE OF INJURY—INSTRUCTION.—In such action,
an instruction that the proximate cause of an injury is that cause
which in natural and continuous sequence, unbroken by any efficient
intervening cause, produces the injury, and without which the re-
sult would not have occurred, satisfactorily defines proximate cause.

[4] ID.—AUTOMOBILE ON WRONG SIDE OF STREET—PROXIMATE CAUSE OF
INJURY.—In this action the jury was warranted in finding that the

presence of the automobile on the left-hand side of street under the circumstances detailed in the evidence was the proximate cause of the injury.

[5] ID.—CONTRIBUTORY NEGLIGENCE — IMPLIED FINDING — CONCLUSIVE-NESS UPON APPELLATE COURT.—The appellate court, where the evidence is in conflict, is bound by the implied finding of the jury that the plaintiff was not guilty of contributory negligence.

[6] ID.—ISSUE OF NEGLIGENCE RAISED BY PLEADINGS—INSTRUCTION.— An instruction directing the jury that the plaintiff was entitled to a verdict "if he has proven by a preponderance of the evidence that the defendant was negligent and that such negligence was a proximate cause of the collision and of the injury to the plaintiff," unless it was also established by a preponderance of the evidence that the plaintiff's own negligence contributed proximately to the injury, is not open to the objection that the negligence which it was necessary for the plaintiff to prove was not thereby limited to the pleadings.

[7] ID.—INSTRUCTIONS—ABSENCE OF ERROR.—In this action there was no error in the giving and refusing to give instructions.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Harry A. Hollzer, W. W. Butler and Frank P. Deering for Appellant.

Isidore B. Dockweiler and Dockweiler & Mott for Respondent.

LAWLOR, J.—This is an appeal by the defendant from a judgment entered against him in favor of the plaintiff, a minor, in an action to recover damages for personal injuries received in a collision which occurred between an automobile owned by the defendant and a bicycle on which the plaintiff was riding.

The accident occurred on June 26, 1911, in the city of Los Angeles, at the intersection of Clay and West Fourth Streets. Plaintiff had ridden down on the right-hand side of Clay Street, which runs north and south at a grade of about fourteen per cent and has its southern terminus at West Fourth Street.   He had made the turn into West Fourth Street and was proceeding east when he collided with defendant's

machine, being struck by the left front fender with such force as to be thrown to the ground and so injure his left leg as to necessitate its amputation just below the knee.

The automobile, a Winton Six, driven by defendant's colored chauffeur, was coming up West Fourth Street, which at this point has a grade of ten per cent, going west on the south side of the street, or on the left-hand side for a vehicle moving in that direction; making a speed of about eight or ten miles an hour. At the moment of the collision the machine had reached what would be the east line of Clay Street, if extended across West Fourth Street, and was from six to fifteen feet from the south curb of West Fourth Street.

The plaintiff seeks to recover on the alleged negligence of the defendant, in that at the time of the accident the automobile was so negligently managed, directed, and propelled that it was driven with great force against and over the plaintiff, and that he was driving his automobile on the left-hand side of the street in violation of a certain ordinance of the city of Los Angeles, which makes it a misdemeanor to drive a vehicle other than upon the right-hand side of the street, and as near the right-hand curb thereof as possible.

The defendant in his answer denied that the injury to the plaintiff was caused by the negligence of the defendant in violating the city ordinance, or other negligence, and alleged that the injuries sustained by the plaintiff were caused by his own fault, carelessness, and negligence and failure to exercise ordinary care in the operation of the bicycle.

The case was tried by a jury and a verdict of $5,750 awarded the plaintiff. Judgment was entered accordingly, and from this judgment the defendant appeals. An appeal was taken from a judgment of nonsuit in a former trial of this action (*Baillargeon* v. *Myers*, 27 Cal. App. 187, [149 Pac. 378].)

1. The first point relied upon by the appellant is that the evidence is insufficient to support the verdict. The plaintiff relied for recovery on the alleged violation of sections 2 and 3 of Ordinance No. 21552, New Series, which read as follows:

"Sec. 2. Every person riding, driving, propelling or in charge of any vehicle in or upon any street within the city of Los Angeles shall ride, drive or propel such vehicle upon such street in a careful manner and with due regard for the safety and convenience of pedestrians and all other vehicles upon said street.

"Sec. 3. Every person riding, driving, propelling or in charge of any vehicle, upon meeting any other vehicle at any place upon any street within the city of Los Angeles, shall turn to the right and on all occasions travel on the right-hand side of such street, and as near the right-hand curb thereof as possible."

With the exception of the chauffeur the witnesses on both sides agreed that at the time of the accident the automobile was on the left-hand side of the street, their testimony varying only as to the distance of the machine from the south curb; none of those witnesses, however, estimating it at more than fifteen feet. The chauffeur testified: "At that time there were autos parked on both sides of West Fourth Street. Some of them were backed up with their backs against the curb and some were run in with their fronts to the curb. That was the condition on West Fourth Street clear up to Clay. I drove as close as I could to the autos parked along the right-hand side of the street. . . . Just before coming to the intersection of Clay and West Fourth Streets I was traveling about the center of the street."

The appellant contends that even if it be found that his automobile was on the left-hand side of the street in violation of the city ordinance, such violation was excusable because the condition of the traffic was such that it was impossible to drive the machine on the right-hand side. On this point the testimony of the chauffeur stands alone. Taking the most extreme view of the situation, and granting that the right-hand curb was solidly parked with automobiles and other vehicles, and that they were run in or backed in at right angles to the curb, and, further, that the machines were all the length of the one owned by the defendant, fourteen feet, still there would have been room for the defendant's chauffeur to have driven his machine on the right-hand side of the street. For the street is forty feet wide and the width of the automobile was five feet. [1] In view of the conflict in the evidence in this behalf, we must assume in favor of the judgment that the jury found that at the time of the collision the ordinance was being violated by the chauffeur, and that the condition of the traffic was not such as to excuse such violation. [2] This being so the defendant was guilty of negligence *per se* and is liable for the injury to the plaintiff if such negligence was the proximate cause of that injury and the plaintiff was free from con-

tributory negligence.  (*Fresno T. Co.* v. *Atchison etc. Ry. Co.,*
175 Cal. 358, [165 Pac. 1013] ; *Simoneau* v. *Pacific Elec. Ry.
Co.,* 166 Cal. 264, [49 L. R. A. (N. S.) 737, 136 Pac. 544] ;
*Seimers* v. *Eisen,* 54 Cal. 418; *Stein* v. *United R. R.,* 159 Cal.
368, [113 Pac. 663] ; *Fenn* v. *Clark,* 11 Cal. App. 79, [103 Pac.
944] ; *Scragg* v. *Salle,* 24 Cal. App. 133, [140 Pac. 706] ; *Con-
nell* v. *Harris,* 23 Cal. App. 537, [138 Pac. 949].)

[3]  In its instructions to the jury the court thus satisfac-
torily defined proximate cause: "You are instructed that the
proximate cause of an injury is that cause which in natural
and continuous sequence, unbroken by any efficient interven-
ing cause, produces the injury, and without which the result
would not have occurred; it is the efficient cause, the one that
necessarily sets the other cause in operation."   The plaintiff
had come down on the right-hand side of Clay Street, had made
the turn into West Fourth Street, and was proceeding east
along this street on the right-hand side within a few feet
of the south curb when he collided with the defendant's ma-
chine.   [4]  The jury was warranted in finding that the
presence of the automobile on the left-hand side of the street
under the circumstances detailed in the evidence was the
proximate cause of the injury, for the reason that if the ma-
chine had been on the right-hand side of the street, where it
belonged, the accident could not have happened—in other
words, the connection between the violation of the ordinance
and the accident was "unbroken by any efficient intervening
cause."   The question of proximate cause, however, is not to
be confused with the defense of contributory negligence.

Appellant's contention that the plaintiff was guilty of con-
tributory negligence is based upon the evidence in regard to
the manner in which the plaintiff rode his bicycle down Clay
Street to the intersection of West Fourth Street.   It appears
that the plaintiff was a newsboy and that on the day of the
accident he was taking over a new route.   Ferdinand Fisher,
a boy fifteen years of age, who had the route up to this time,
was breaking him in.   As the two boys were coasting down
the Clay Street hill into West Fourth Street, delivering their
papers on the way, having started from the top at a speed
of five miles an hour, Ferdinand noticed, as he stood by his
bicycle after delivering a paper, that the plaintiff's bicycle
was gaining speed, that, as he testified, the plaintiff "was go-
ing very fast" when he approached within twenty or thirty

feet of the north line of West Fourth Street. He testified
further that he saw the plaintiff try his brake and that it did
not work; whereupon he called to him to jump off, that he re-
peated the call, but the plaintiff answered, "I can't."

In his own behalf the plaintiff testified that he was travel-
ing at about ten or fifteen miles an hour when he entered
West Fourth Street; that he had completed the turn and
was proceeding east along West Fourth Street within a
few feet of the south curb when he collided with the de-
fendant's machine, and that he thought he was going at
about ten miles an hour at that time. He admitted that
Ferdinand had called to him to jump off while he was still
on the Clay Street hill, and also admitted that he had an-
swered, "I can't," because, as he said, he was going too fast
and that he was afraid. He testified further that he did not
see the defendant's automobile until he had made the turn
and was starting east along West Fourth Street. He stated
that he did not remember whether he at any time attempted
to apply his brake.

The defendant's chauffeur testified that he did not see the
plaintiff until he came into West Fourth Street, that the boy
"was riding very fast," and that he stopped his machine in-
stantly and was standing still when the plaintiff ran into him.
There was counter testimony tending to show that the machine
was in motion at the time of the collision and that it was not
stopped until it passed over the body of the plaintiff.

The court instructed the jury on the subject of contributory
negligence, which we will hereinafter discuss in detail. [5]
We have reviewed the evidence on this point as the most
effective way of showing that it presented a substantial con-
flict, and that this court is bound by the implied finding of
the jury that the plaintiff was not guilty of contributory neg-
ligence.

We think there was sufficient evidence to sustain the verdict,
first, that the defendant was guilty of negligence *per se;*
second, that the violation of the ordinance was the proximate
cause of the injury; and, third, that the plaintiff was free
from contributory negligence.

2. The appellant claims that the court erred in giving cer-
tain instructions, and in refusing to give others. In our dis-
cussion the instructions given will be numbered in Roman

numerals and those refused in Arabic. Of those given he cites numbers I, VI, VII, and XI as being erroneous.

The point to the criticism of instruction I is that "the jury were allowed to wander over the entire field of negligent conduct irrespective as to whether or not any issue was presented thereon by the pleadings." Or, stated in other words, that the instruction authorized the jury to find a verdict in favor of the plaintiff if they concluded that the chauffeur "was negligent in any particular whatsoever, and even though nothing had been charged in that respect by the pleadings." **[6]** We perceive no ground for this objection, and it would be idle to assume that the jury did not understand from the tenor of the entire charge that any verdict rendered must be based on the issues raised by the pleadings.

Instruction VI is alleged to be misleading in that in defining the duty of persons in the operation of automobiles within the meaning of the ordinance the court singled out the defendant as owing a special duty to the plaintiff, thus ignoring the elementary rule of law that the rights and obligations of the parties were in this respect equal and reciprocal. The court in that particular instruction interpreted the ordinance as applied to the operation of automobiles, so that the jury might be advised of the duty the defendant owed to the plaintiff in applying the law to the evidence. We cannot see that the instruction is susceptible of the construction sought to be put upon it.

The objection to instruction VII is to the same effect, and, in addition, it is claimed that the court allowed the jury to decide without proof that the chauffeur failed to drive the automobile in a careful manner, and that the court assumed as proved that the chauffeur drove the machine along the left-hand side of the street, thereby invading the province of the jury, and in effect directing a verdict for the plaintiff. The objection is without merit. In this, as in all other instructions given, which referred to the evidence, the court was careful to use the introductory formula, "if you believe from the evidence," and to in no manner usurp the prerogative of the jury.

It is urged that the use of the term "testimony" instead of "evidence" in instruction XI was erroneous, and had the effect of excluding from the consideration of the jury the bicycle which had been formally admitted into evidence. It

is true that the term "evidence" should have been used, but we do not think that the failure to do so had the effect claimed by the appellant, or that it was prejudicial. To hold otherwise is to impute to the jury a wider knowledge of the niceties of legal terminology than should be reasonably expected. In *Mann* v. *Higgins*, 83 Cal. 66, [23 Pac. 206], referring to the use of the word "testimony" where "evidence" was meant, the court said: "In common language, and sometimes even among lawyers, the two words are frequently used synonymously; and it is entirely improbable that the jury was misled in the premises."

It is claimed that the court erred in refusing to give eighteen requested instructions which were proposed by the appellant. No. 1 reads: "You are instructed to find a verdict for the defendant." Under the state of the record such an instruction could not properly have been given. Nos. 2 and 3 deal with the burden and measure of proof. These subjects were fully dealt with in instruction I. The subject of proximate cause, embodied in Nos. 4 and 5, was also included in instruction I.

Appellant contends that Nos. 6, 7, and 8 should have been given in response to "one of the theories of the defense, namely; that this accident belonged to the category of inevitable casualty." The instructions read as follows:

"6. The mere happening of this accident does not raise any presumption that the plaintiff was injured through any alleged negligence of the defendant's chauffeur. That fact must have been proved by a preponderance of the evidence. You cannot find a verdict for the plaintiff unless you are first satisfied by a preponderance of the evidence that the defendant's chauffeur failed to exercise reasonable care to avoid colliding with the plaintiff's bicycle. If you believe that such collision was unavoidable, it will be your duty to return a verdict for the defendant.

"7. If you believe that the accident was unavoidable, then the plaintiff cannot recover and you should return a verdict for the defendant.

"8. If the defendant's chauffeur used every reasonable precaution to avoid the collision, then the plaintiff cannot recover and you should return a verdict for the defendant."

The substance of the first three sentences of No. 6 was embodied in instruction I, except that it was made to apply to

both parties instead of to the defendant alone. It is proper to mention that the evidence offered by the plaintiff in proof of negligence on the part of the defendant was confined to the violation of the ordinance. The defense was threefold—that the ordinance was not violated by the chauffeur, that if it was the violation was excusable because of the state of the traffic at the time, and that the plaintiff was guilty of contributory negligence. Paragraph III of the complaint, without alluding to the ordinance, did allege that the chauffeur while in the performance of his duty as such and acting within the scope of his employment, so negligently managed, directed and propelled the automobile, by driving it on the left-hand side of the street, that it was driven with great force and violence over the plaintiff. It is alleged in paragraph IV that by reason of the violation of the ordinance the defendant did so negligently drive, direct, and propel the automobile that it collided with and ran into and over the body of the plaintiff. The record shows that no evidence was offered in support of paragraph III, and this is confirmed by the statement in the brief of the appellant that: "No attempt was made, much less any proof offered to establish any other allegation of the complaint pertaining to the question of liability." The court gave the following instruction proposed by the defendant and modified by the addition of the portion which we have placed in parentheses:

"While as a general rule, the operator of a vehicle is required to drive along the right-hand side of the highway, yet there may be circumstances under which it is legally proper to drive on the left-hand side. The fact that the right-hand side of the street may be obstructed does not require one seeking to drive thereon to abandon such street, but, on the contrary, it is legally permissible for such person to use the left-hand side of the highway where it is obstructed on the right-hand side, and no negligence could be predicated upon such use, (providing in so doing he exercises the care that an ordinarily prudent person in the same situation would use)."

From these facts we think it must have been the view of the trial court that the evidence relating to the subject of an unavoidable accident had reference only to the position of the machine at the time of the collision, and not to the manner in which it was operated. If this be true the law on the subject of unavoidable accident was sufficiently stated in the in-

struction just quoted.   Assuming, therefore, that instructions
6, 7, and 8 were properly proposed on the subject of unavoid-
able accident, the failure to give them, when considered in the
light of the one that was given, could not have caused any
prejudice to the rights of the defendant.   The latter instruc-
tion stated that under certain circumstances it would be
legally permissible to use the left-hand side of the highway
when it is obstructed on the right-hand side.   According to the
testimony of the chauffeur the machine was near the center
of the street at the time of the collision and could not be
driven on the right-hand side without colliding with the auto-
mobiles which were on that side.   Hence, if this version were
accepted, the jury, under the instructions, would have been
required to find that the accident was unavoidable and render
a verdict for the defendant.   The proposed instructions could
have accomplished no more than this.   We think, moreover,
that the proposition of law was inadequately stated in the
proposed instructions 6, 7, and 8.

Claim of error is predicated on the refusal of the court to
give instructions 9 to 16, inclusive, as proposed by the defend-
ant.   These instructions are rather prolix, and hence we will
not set them out here in full.   In substance they are:

9. Even though you believe that the defendant's chauffeur
may have been negligent proximately causing the injury com-
plained of, still if you further believe from the evidence that
the plaintiff himself was guilty of any negligence, even in the
slightest degree, which directly or indirectly, caused or con-
tributed to the injury complained of, then your verdict must
be for the defendant.

10. The law will not excuse a person in failing to make such
use of his faculties as will enable him to discover plain and
obvious dangers, and if the plaintiff in this case could, with
the exercise of reasonable care, have discovered the danger
and could have avoided it, he cannot recover.

11. If the plaintiff was riding a bicycle down Clay Street
hill at such a rate of speed that he was unable to stop it in
time to avoid colliding with another vehicle, and that in so
acting he was guilty of negligence proximately contributing
even in the slightest degree to the injury, then he cannot re-
cover and you must return a verdict for the defendant.

12. If the plaintiff should have known that it was dangerous
to ride a bicycle downhill on Clay Street into West Fourth

Street in the manner in which he did, and that such conduct on his part was a failure to exercise the care and prudence which a person of his age and experience would ordinarily exercise, and that such failure proximately contributed in any degree to his injury, then he cannot recover.

13. If at the time of the accident the plaintiff was riding his bicycle downhill on Clay Street at such a rate of speed that he was unable to control it, and that he failed to give such attention to his surroundings, including the section of the city in which he was and the condition of the traffic, to avoid danger as may be reasonably expected from a person of his age and experience, he was guilty of negligence, and if such negligence contributed in any degree, however slight, to his injury, then you must return a verdict for the defendant.

14. The fact that the plaintiff is a minor does not raise any presumption that he was free from contributory negligence. (Then follows a statement of the degree of care required of a minor.)

15. The plaintiff must be presumed to have all the qualities ordinarily belonging to a person of his age. Therefore, if you believe that the plaintiff failed to give such attention to his surroundings as may be reasonably expected from the average boy of his age, experience and capacity, then he was guilty of negligence, and if such negligence contributed in any degree, however slight, to the accident, then he cannot recover.

16. The minority of the plaintiff does not raise a presumption that he did not have the capacity to understand the danger of coasting downhill on Clay Street at a time of the day when vehicles were likely to be traveling along the street, and contributory negligence, on his part, if any, however slight, which proximately contributed toward causing the accident, is a good defense to this action and would necessitate a verdict in favor of the defendant.

Instructions I, VII, VIII, and IX on this subject were given by the court of its own motion, and III and V at the request of the defendant. They read as follows:

"I. By this action the plaintiff seeks to recover compensatory damages for injuries which the plaintiff alleges he sustained as a direct or proximate result of negligence on the part of the defendant. The burden is on the plaintiff to prove by a preponderance of the evidence that the defendant through his chauffeur was negligent at the time and place in

the controversy, and likewise to prove by a preponderance of the evidence that such negligence was a proximate cause of the collision and of the injury to the plaintiff.  Unless he make such proof in both these particulars he is not entitled to your verdict.  If he has proven by a preponderance of the evidence that the defendant was negligent and that such negligence was a proximate cause of the collision and of injury to the plaintiff, then the plaintiff is entitled to your verdict unless it shall also have been established by a preponderance of the evidence that the plaintiff was himself guilty of negligence which contributed directly or proximately in some manner or degree to the collision and to the injury.

"The happening of the accident raises no presumption either of negligence on the part of the defendant or of negligence on the part of the plaintiff.  Each of these must be proven, and proven by a preponderance of the evidence.  As I have said, the burden of proving negligence on the part of the defendant rests on the plaintiff.  On the other hand, the burden of proving contributory negligence of the plaintiff rests upon the defendant.  If upon either issue the proof is equally balanced then the party having the burden of making proof by a preponderance of the evidence has not sustained the burden that the law imposes upon him.

"VII.  . . . ; and if you further believe from the evidence that a violation of said ordinance was the proximate cause of said accident and plaintiff's injuries, and that plaintiff was not guilty of any negligence on his part that contributed to said accident or to his said injuries then it becomes your duty to return a verdict in favor of the plaintiff and against the defendant.  If the plaintiff was guilty of negligence that contributed proximately to the collision then plaintiff cannot recover.

"VIII.  If you believe from the evidence that the plaintiff at the time of the collision in question was upon the south side of West Fourth Street in the city of Los Angeles, proceeding in an easterly direction thereon and that the said collision between defendant's automobile and the plaintiff occurred upon the south side of the said street when defendant's automobile was proceeding in a westerly direction on said street and upon and along the south side thereof, then you are instructed that the plaintiff was upon the side of the street where he was en-

titled to be when proceeding in an easterly direction upon and along said street.

"IX.  You cannot find in this case that the plaintiff was guilty of fault, carelessness or negligence that contributed to or caused his injuries unless you believe from the evidence that he did something which an ordinarily careful and prudent person of the same age and experience acting under the same or similar circumstances, would not have done, or that he failed to do something which an ordinarily careful and prudent person of his age and experience would have done under those circumstances.

"III.  The plaintiff must be presumed to have had such discretion and to have taken such notice of patent and obvious dangers at the time of the accident complained of as would be reasonably expected of a person of his age and experience, therefore, if you believe that he was injured partially through a failure on his part to take such care of himself as a person of his age and experience would ordinarily exercise, then you must return a verdict in favor of the defendant.

"V.  If you find from the evidence that the accident would not have happened if the plaintiff had exercised such care for his own safety as may fairly be expected from the average person of his age and capacity, then you are instructed to return a verdict in favor of defendant."

[7]  We have thus elaborately stated the tenor of the requested instructions and quoted the instructions that were given on the subject, in order that any difference between them may readily appear.  This difference is apparent that the refused instructions called attention in detail to the specific acts or omissions which would constitute negligence upon the part of plaintiff.  Appellant based his defense of contributory negligence upon the ground that, taking into account the speed of the bicycle and the manner of its operation, the section of the city in which the accident occurred, the state of the traffic in that vicinity at the time, and the other surrounding circumstances, the plaintiff, by reason of a want of ordinary care for one of his years, brought the injury upon himself.  The evidence before us on this subject was addressed to these various aspects.  We must conclude, therefore, that when the jury was instructed, as shown, they must have had actively in mind every aspect of the issue.  Clearly, the instructions given to the jury sufficiently stated the law, so as to enable them to

determine from the evidence whether the plaintiff, notwithstanding the fact that the chauffeur was guilty of negligence *per se,* could have, with the exercise of reasonable care, avoided the accident. This is all the defendant was entitled to. By varying the phraseology, by repeating, by segregating the items of evidence into separate charges, the rejected instructions were prolix and to some extent involved, and went more into detail than was necessary. The questions of fact were not intricate, and hence a general statement of the law pertinent to the issue was all that was required.

3. Appellant contends that the court erred in permitting Frank Pierce, a witness produced by the plaintiff in chief, to testify in rebuttal as to the number of vehicles on West Fourth Street at the time the accident occurred. The witness did testify on the point as follows:

"Q. How many autos, if any, do you recollect, were on the north side of West Fourth Street between Hill Street and Clay just before the collision?

"Counsel for the defendant: I object to that as not rebuttal.

"The Court: Answer the question.

"A. There was one wagon on the north side of the street having a horse attached. It was lengthways against the curb a few feet from Clay Street. I don't believe, as I remember, there was any other. There might have been, but I don't remember it."

But he also gave testimony in rebuttal as to the *position* of the vehicles on the street:

"Q. Are you certain that there was not a large number of machines on the north side of the street, backed up against the curb?

"A. No, they didn't back up against the curb themselves. They ran parallel with the curb." The examination continued as to the number and position of the machines.

The following testimony was given by the plaintiff on his direct examination: "There was an automobile standing still near the south curb of West Fourth Street about here [witness indicating by square and figure 1]. There was another automobile going westerly on West Fourth Street which collided with me as I was completing making the turn on West Fourth Street going easterly and toward Hill Street." This is all the testimony on this subject given on the direct examina-

tion of the plaintiff.   On cross-examination he admitted that on the former trial he had testified "that there was quite a number of machines all along on the south side of West Fourth Street," and that he had testified also on cross-examination at the former trial, "that there was quite a few on the north side of Fourth Street between Clay and Hill."

The defendant in the presentation of his case went into the subject of the *number* of vehicles that were on the street at the time of the accident in support of his claim that even if the chauffeur was on the left-hand side of the street his action was excusable.   In addition, and for the same purpose, the chauffeur testified as to the *position* of the machines with reference to the curb, whether parallel to it or at right angles with it.   The latter was an entirely new inquiry, and the testimony of Frank Pierce in rebuttal on this subject, concerning which no evidence was given before the plaintiff rested, was, therefore, competent.   And while it is true that the subject of the *number* of machines was made a part of the plaintiff's case in chief, and that Pierce's testimony on the point in rebuttal may have exceeded the proper limits of preliminary inquiry as to their position, yet we are not prepared to hold that this testimony, even if erroneously admitted, prejudicially affected the rights of the defendant.

The judgment is affirmed.

Olney, J., concurred.

SHAW, J., Concurring.—Instruction I, given by the court of its own motion, directed the jury that the plaintiff was entitled to a verdict "if he has proven by a preponderance of the evidence that the defendant was negligent and that such negligence was a proximate cause of the collision and of the injury to the plaintiff," unless it was also established by a preponderance of the evidence that the plaintiff's own negligence contributed proximately to the injury.   The instruction did not in any respect limit the negligence which it was necessary for the plaintiff to prove, to that which was alleged in the complaint.   If this had been the only instruction given on the subject, I think it would be true, as claimed by the defendant, that it authorized the jury to find for the plaintiff if they concluded the defendant was negligent in any particular whatever; although the negligence was not charged in the com-

plaint. The failure thus to limit the field of inquiry is emphasized somewhat by the refusal of the court to give instructions 3 and 5, asked by the defendant, which confined the negligence to be considered by the jury to that which was alleged in the complaint. But I do not believe the defect in the instructions could have prejudiced the defendant in any way. There was no attempt to prove any negligence other than that which was alleged and none other was discussed throughout the case. The instructions given directed the attention of the jury specifically to the particular acts of negligence charged in the complaint. It cannot be supposed that the jury would find a verdict for the plaintiff because they imagined the defendant may have been negligent in a manner not disclosed at the trial.

In other particulars I concur in the opinion of Justice Lawlor.