[Civ. No. 581. Fourth Appellate District.—December 14, 1931.]

CHARLES HANSON et al., Appellants, v. JULIUS HESS, Jr., a Minor, etc., et al., Respondents.

Joseph Seymour for Appellants.

Estudillo & Schwinn for Respondents.

MARKS, J.—Respondents have filed a motion to dismiss this appeal and affirm the judgment upon the ground that appellants' opening brief does not conform to the requirements of Rule VIII of Rules for the Supreme Court and District Courts of Appeal of the state of California. The appeal comes up on a typewritten record.

Under appellants' opening brief filed herein, the only ground for reversal that we would be required to consider, in view of the rules of this court, is the alleged error of the trial court in giving instructions to the jury and in refusing instructions requested by them.

Appellants have presented in a supplement to their brief, all, or parts of nine of the instructions given, and four of the instructions which they proposed and which were refused. There were more than seventy instructions given. Instruction number two, requested by appellants and printed in the supplement, was upon the question of the preponderance of the evidence. Instruction number ten, given by the trial court, was upon the same subject and is not contained in the brief or the supplement thereto. Nowhere in the brief is the substance of any instruction stated. We have not gone through the numerous instructions to determine whether or not the subjects covered by the other refused instructions were covered by any of the instructions given, nor have we determined whether there were other instructions given covering the same subjects as those given which are attacked.

Rule VIII of the Rules for the Supreme Court and District Courts of Appeal of the state of California, contains the following: "Where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in the appellant's brief. If it be claimed that instructions requested were erroneously refused, the refused instructions must be printed in full in appellant's brief, and all instructions given, bearing upon the subjects covered by the refused instruction, must be printed in appellant's brief in full, or the substance thereof clearly stated, with citation to the line and page of the transcript where such instructions may be found."

Rule X is as follows: "No transcript, or other paper or document, which fails to conform to the requirements of these rules shall be filed by the clerk."

It is clear that appellants' brief and its supplement do not conform to the requirements of Rule VIII. Under the authority of *Richmond Terminal Corp.* v. *Parr Terminal Co.*, 116 Cal. App. 368 [2 Pac. (2d) 579], *Gross* v. *Wright & Callender Bldg. Co.*, 116 Cal. App. 480 [2 Pac. (2d) 857], and *Burns* v. *Renaker Co.*, 116 Cal. App. 139 [2 Pac. (2d) 408], we might refuse to consider the questions insufficiently presented in appellants' brief. We prefer to follow the practice adopted in *Burns* v. *Renaker Co.*, *supra*, and strike the brief from the files. Attorneys appearing in the appellate courts should study and follow the rules adopted for these courts. Infractions of these rules are becoming so numerous that-an unnecessary burden is placed upon these courts. If this practice continues it may become necessary to enforce a more drastic remedy than we are using in the instant case.

The motion is denied. It is ordered that appellants' brief be and it is hereby stricken from the files with leave, if they be so advised, to file a substitute brief within thirty days, the reply briefs to follow within the time specified in section four of Rule I of Rules for the Supreme Court and District Courts of Appeal.

Barnard, P. J., and Jennings, J., concurred.