[Civ. No. 526. Fourth Appellate District.—February 25, 1932.]

VERSA COATS, Respondent, v. MRS. R. E. HATHORN, Defendant; R. E. HATHORN, Appellant.

FRED J. COATS, Respondent, v. MRS. R. E. HATHORN, Defendant; R. E. HATHORN, Appellant.

Thos. C. Ridgway for Appellant.

Russell H. Pray for Respondents.

MARKS, J.—Fred R. Coats and Versa Coats, and R. E. Hathorn and Mrs. R. E. Hathorn were husbands and wives. Mr. and Mrs. Coats instituted separate actions in the court below to recover damages from Mr. and Mrs. Hathorn for personal injuries suffered by Mrs. Coats and for actual damages and loss of services of his wife suffered by Mr. Coats, both resulting from an accident in which an automobile driven by R, E. Hathorn struck Mrs. Coats and

seriously injured her. The two cases were consolidated and tried together. Separate verdicts and judgments were rendered in favor of each plaintiff against R. E. Hathorn whereby Mrs. Coats was given damages in the sum of $8,000, and Mr. Coats in the sum of $4,000. R. E. Hathorn took separate appeals from these judgments after the denial of his motions for new trials. The appeals are before us on typewritten transcripts and a single record under the method of appeal provided for in section 953a et seq. of the Code of Civil Procedure.

The appellant specifies the following errors upon which he bases his claim for a reversal of the judgments: First, that the trial court erred in denying his motions for nonsuits; second, that the trial court erred in denying his motions for instructed verdicts; third, that the trial court erred in denying his motions for judgments notwithstanding the verdicts; fourth, that the trial court erred in denying his motions for new trials; fifth, that the trial court erred in admitting in evidence a portion of a traffic ordinance of the city of Compton; sixth, that the trial court erred in five instructions which it gave the jury; seventh, that the evidence is not sufficient to support the verdicts and judgments in that it shows no negligence on the part of appellant, and contributory negligence as a matter of law on the part of Mrs. Coats.

It is evident that the first four specifications of error (except one question under subdivision four hereinafter considered) are all directed to the insufficiency of the evidence to support the verdicts and judgments and need not be separately considered by us. ▮ As was said in *Peters* v. *Southern Pac. Co.,* 160 Cal. 48 [116 Pac. 400, 402], "We shall not examine into the correctness of the ruling of the court in denying the motion for a nonsuit. After the order made, the defendant introduced evidence on its own defense. It is well settled that an order denying a motion for a nonsuit will not be disturbed, although the evidence at the close of plaintiff's case was so weak that it might properly have been granted, if, upon trial, the defect is overcome by evidence subsequently introduced. If, upon the conclusion of the whole case, there is evidence upon the material issues warranting the submission of the cause to the jury, the question of whether the court erred in denying a nonsuit becomes

of no consequence. (*Lowe* v. *San Francisco Ry. Co.*, 154 Cal. 573–576 [98 Pac. 678] and cases therein cited.)''

In determining the question of whether or not the evidence is sufficient to support the verdicts and judgments we need only consider that portion of it most favorable to respondents under the well-known rule that where there is any material evidence in the record supporting the judgments they will not be reversed by an appellate court because of other evidence upon which the jury might have based a verdict in favor of the losing party. It might be observed that there is not a great conflict in the evidence in its major particulars and that a preponderance of the evidence supports the following facts and reasonable conclusions to be adduced from them.

On May 2, 1927, appellant lived at his home situated in the city of Compton. Long Beach Boulevard is a well-traveled thoroughfare running north and south. Appellant's residence faced it from the east. On the southerly side of appellant's lot there was a cement driveway leading from his garage to Long Beach Boulevard terminating therein at a right angle. There was shrubbery planted on both sides of the driveway and a hedge about three feet in height extending along the front of appellant's lot parallel to Long Beach Boulevard with an opening for the driveway. The portion of this hedge south of the driveway was about seven and one-half feet in length. Thirty feet of the center of Long Beach Boulevard was paved with about twenty-two feet unpaved between the property line and the easterly edge of the pavement. There were no sidewalks or curbs along or in front of appellant's property. Gravel had been placed in the space ordinarily reserved for a sidewalk. Grass and weeds had grown in this gravel and this space was evidently little used by pedestrians. The portion of the roadway between the gravel and the pavement was smooth and free of obstructions and could be used for vehicular and pedestrian traffic.

On the morning of May 2, 1927, Mrs. Coats rode in an automobile with a friend from her home in Long Beach into Compton where she alighted on the easterly side of Long Beach Boulevard a short distance from the Hathorn property. Immediately prior to the accident she was standing upon the graveled portion of the roadway which we have

referred to, about three feet in front of the portion of the hedge south of the driveway, waiting for the arrival of a bus in which she intended to ride into the city of Los Angeles. At that time appellant started to back his automobile from his garage into Long Beach Boulevard. He stopped at his property line and looked up and down the street in both directions and seeing an automobile approaching from the south at a distance of approximately six hundred feet, waited for it to pass. His engine was running and making considerable noise. He again looked in both directions and seeing no traffic, pedestrians or persons that might be affected by his movements, backed his automobile into Long Beach Boulevard turning his steering-wheel to the right so that the rear of his machine swung southerly on to the boulevard. When he had proceeded backwards about twenty feet from the place where his machine had been standing he felt it strike some object and the left wheel rise upon some obstruction. He drove his machine forward off from this object, went to the rear, and found Mrs. Coats lying in the road seriously injured. Appellant had not sounded his horn before starting or during his backward movement into Long Beach Boulevard.

Mrs. Coats testified that at the time of the accident she was standing on the gravel portion of Long Beach Boulevard about three feet westerly from the hedge, facing southerly. She was approximately five feet tall. This would leave about two feet of her body exposed to view above the hedge. She neither saw nor heard the approach of appellant's automobile and had no idea of any impending danger until she was struck and knocked down. Appellant testified that Mrs. Coats was lying approximately opposite the southerly end of the hedge south of his driveway.

Upon the foregoing state of facts appellant maintains that the evidence shows him free from any negligence and that Mrs. Coats was guilty of contributory negligence as a matter of law.

The questions of negligence and contributory negligence are primarily addressed to the trial court or to the jury where there is any evidence or reasonable inferences to be drawn from it pointing to either. In the instant case the jury was required to determine whether or not appellant used the care required of an ordinarily prudent person in

the operation of his automobile prior to its striking Mrs. Coats. The evidence shows that during the time Mrs. Coats was standing in front of the hedge waiting for the arrival of the bus at least the upper two feet of her body protruded above the hedge and should have been plainly visible to appellant. Under this evidence the jury was entirely justified in concluding that appellant either did not look in her direction before backing his car toward her, or if he did look, he did so with unseeing eyes. The jury was entirely justified in assuming that he should have seen her and should not have backed his car into her and its wheel upon her prostrate body. There is ample evidence to support the implied finding of the jury that appellant was guilty of negligence which proximately caused the accident and injury to Mrs. Coats. It might not be amiss to call attention to the first portion of subdivision (a) of section 130 of the California Vehicle Act in effect at the time of the accident and which provided as follows: ''The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety.''

There is no evidence upon which we would be compelled to hold Mrs. Coats guilty of contributory negligence as a matter of law. Whether or not she used her faculties to ascertain the approach of danger and whether or not she took such precautions for her safety as a reasonably prudent person should take under such circumstances was also a question of fact for the jury and which it resolved against appellant. The evidence justifies the conclusion that at the time of the accident Mrs. Coats was standing in a position of apparent safety upon the graveled and grass-grown portion of Long Beach Boulevard not ordinarily used by vehicular traffic and within three feet of a hedge at the edge of this boulevard. This would seem to be a place of safety where a pedestrian could stand without danger of being run down by a passing motorist. Whether or not she should have heard the noise made by appellant's automobile was a question of fact to be determined by the jury. We cannot hold Mrs. Coats guilty of contributory negligence as a matter of law. Such a holding would be contrary to the weight of the evidence and the reasonable inferences to be drawn therefrom.

 Appellant next complains that the trial court committed prejudicial error in admitting in evidence over his objection section 19 of the traffic · ordinances of the city of Compton, which provides as follows: "The operator of a vehicle emerging from an alley, driveway, or garage shall stop such vehicle immediately prior to driving on to a sidewalk or on to the sidewalk area extended across any alleyway." He maintains that the undisputed evidence discloses that appellant did stop his car before passing from his driveway into Long Beach Boulevard and that therefore he obeyed, instead of violated, the terms of this ordinance. We may agree with him in this contention and still cannot conclude that the error, if any, in admitting this section of the ordinance in evidence furnishes any ground for a reversal of the judgment or constitutes prejudicial error. The instant case is distinguishable in fact and principle from the case of *Santina* v. *Tomlinson*, 36 Cal. App. 29 [171 Pac. 437], upon which he relies.

 Appellant next maintains that the trial court committed prejudicial error in giving five instructions to the jury at the request of respondents. These are the only instructions printed in his briefs or the supplements thereto. No other instructions given bearing upon the same subjects are anywhere included in these briefs. In the case of *Gross* v. *Wright & Callender Bldg. Co.*, 116 Cal. App. 480 [2 Pac. (2d) 857, 859], it was said: "Appellant also complains that the trial court committed prejudicial error in giving to the jury for its consideration certain specified instructions. Rule VIII of this court in part provides that: 'where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in appellant's brief.' Since it appears that appellant's brief fails to contain 'all other instructions given' which have a bearing upon the point presented by appellant, it follows that the error suggested by appellant cannot be considered by the court." (See, also, *Richmond Terminal Corp.* v. *Parr Terminal Co.*, 116 Cal. App. 368 [2 Pac. (2d) 579]; *Burns* v. *Renaker*, 116 Cal. App. 139 [2 Pac. (2d) 408]; *Hanson* v. *Hess*, 119 Cal. App. 211 [6 Pac. (2d) 280].)

 Lastly, appellant maintains that the judgments should be reversed because the jury arrived at the amounts of their verdicts by adding together the various sums

each juror desired to award each plaintiff and dividing the total result in one case by twelve, and in the other case by eleven. Appellant filed the affidavits of three jurors which tend to support this contention. The contents of these affidavits were flatly contradicted by the affidavits of five other jurors produced and filed by respondents. There is some question raised as to whether any of these affidavits were filed within the time allowed by law. Assuming that they were and that they may be considered, they present a conflict with a preponderance against the contention of appellant and in favor of the implied finding of the trial court in denying the motions for new trials. We cannot disturb this implied finding because of a conflict in the evidence.

Both judgments are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 24, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1932.

Shenk, J., dissented.