[Civ. No. 4012.   First Appellate District, Division One.—November 1, 1921.]

FRANK J. FALLON, as Trustee, etc., Respondent, v. ROSE SOCKOLOV et al., Appellants.

[1] ACTION FOR MONEY — RECOVERY BY TRUSTEE IN BANKRUPTCY — PLEADING—NONPAYMENT OF CREDITORS—SUFFICIENCY OF ALLEGATION.—In an action by a trustee of a bankrupt's estate to recover of the bankrupt and his wife a sum of money alleged to be the bankrupt's property and an asset of the estate, an allegation that claims of creditors had been duly filed and proved in the United States court and that there were no assets in the hands of the trustee to pay such claims and that the same could not be paid unless. recovery was had in the instant action, was a sufficient allegation that the claims had not been paid, if it was essential that such fact should appear in the complaint.

[2] ID.—TRIAL BY JURY.—Where the complaint in such action, in substance and effect, stated an ordinary cause of action by way of *assumpsit* for the direct recovery of a specified sum of money, and the answers of the defendants interposed no equitable defense and that of the wife merely alleged a claim of ownership on her part, the cause was properly submitted to a jury.

[3] ID.—FRAUD—PLEADING—EVIDENCE.—In such an action, proof of fraud may be made at the trial without any special pleading of the facts constituting the fraud.

[4] ID.—TRANSACTION BY WIFE—NATURE OF—VERDICT SUPPORTED BY EVIDENCE.—In this action by a trustee in bankruptcy to recover a sum of money acquired by the wife of the bankrupt through a certain transaction, there is ample support in the evidence for the conclusion that the scheme was undertaken by her with her husband's full knowledge, acquiescence, and consent, and was, in effect, a transaction of the husband conducted in the wife's name.

[5] APPEAL — INSTRUCTIONS — OBJECTIONS, WHEN NOT REVIEWABLE. — Alleged error in refusing to give instructions will not be considered where the objections are stated without citation of authority or argument.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

55 Cal. App.—3

Wal J. Tuska for Appellants.

Brownstone & Goodman for Respondent.

WASTE, P. J.—The plaintiff, as trustee of the estate of Joseph Sockolov, a bankrupt, brought this action to recover of the bankrupt and his wife, the sum of fourteen thousand dollars, alleged to be the bankrupt's property and an asset of his estate. Trial was had with a jury, which rendered a verdict in favor of plaintiff. From the judgment entered thereon defendants have appealed.

The amount in controversy was received by the defendant Rose Sockolov, the wife, from the C. A. Hooper & Company, a corporation, and was claimed by her as her separate property. The circumstances attending its receipt by her were as follows: Joseph Sockolov, as contractor and builder, constructed the Chancellor Hotel for the owner, the C. A. Hooper Company. Upon completion of the building Sockolov was unable to pay the material men more than seventy-five per cent of their claims. Thereafter he did not conduct or engage in any business, and remained unemployed. Defendant Rose Sockolov, wearying of her husband's inactivity, concluded that she had better earn something with which to obtain proper subsistence, and meet the house and family obligations, and pay the debts incurred for the household. She talked the matter over with her husband, with the result that in November, 1916, and at a time when Rose Sockolov knew her husband was insolvent, and unable to pay his creditors, with his full knowledge and consent, she borrowed from the C. A. Hooper Company the sum of twenty-five thousand dollars, giving her promissory note for that amount. Simultaneously with the execution of the note, and at her direction, there were issued by the Chancellor Hotel Company, in the name of C. A. Hooper & Company, pledgee, certain shares of stock in the hotel company, which stock the C. A. Hooper Company took as security for the payment of the note. In other words, C. A. Hooper & Company advanced the money for its purchase and kept the stock as security for the payment of the loan. The hotel was a success, and in October, 1919, C. A. Hooper & Company offered to buy the stock issued by the hotel company to Mrs. Sockolov. It agreed to cancel the note for twenty-five thousand dollars, and pay fourteen thousand

dollars cash in addition, for the stock. After some negotiations with the Hooper Company, in which Mrs. Sockolov did not appear, but which were carried on by Joseph Sockolov and an attorney, the note was canceled, and three checks totaling fourteen thousand dollars were delivered to Joseph Sockolov. He in turn delivered them to his wife. Less than a month thereafter Joseph Sockolov filed his petition in bankruptcy, and in due time the plaintiff brought this action to recover the fourteen thousand dollars paid by the C. A. Hooper Company in the transaction, upon the ground that the money was the property of Joseph Sockolov, and an asset of the insolvent's estate.

[1] Several contentions are advanced by the appellants in support of the appeal. They contend that the demurrer to the complaint should have been sustained. There is no direct averment that any creditor of Joseph Sockolov remained unpaid at the time of the commencement of this action. There is an allegation that claims of the creditors, amounting to more than fifteen thousand dollars, had been duly filed and proved in the United States court, and that there are no assets in the hands of the trustee with which said claims can be met, and that these claims cannot be paid unless recovery can be had in this action. If it be essential that such fact should be made to appear in the complaint, the allegation noted implies that the claims have not been paid, and was sufficient in the face of the demurrer.

[2] The cause was properly submitted to a jury. The complaint, in substance and effect, stated an ordinary cause of action by' way of *assumpsit* for the direct recovery of a specified sum of money. The answers of the defendants interposed no equitable defense. That of the defendant Rose Sockolov merely alleged a fact which presented no other issue than the claim of the defendant that she was herself the owner of the money, and that her husband was not, which was only another method of denying the plaintiff's claim. (*Swasey* v. *Adair,* 88 Cal. 179, 182 [25 Pac. 1119].)

[3] Fraud on the part of the defendants was not alleged in the complaint. In his opening statement to the jury, counsel for the plaintiff stated that he expected to prove fraud · on the part of the defendants in the transaction. Counsel for the defendants objected to the remark, claiming

that fraud should have been alleged in order to be a material issue in the case. The objection was properly overruled. In actions such as this, proof of fraud may be made at the trial without any special pleading of the facts constituting the fraud. (*Minor* v. *Baldridge,* 123 Cal. '187, 190 [55 Pac. 783].)

[4] On the merits of the case we think the verdict was correct. There was testimony from which the jury might well infer that the entire transaction, which resulted in the payment of the fourteen thousand dollars, was actually conceived and initiated by Joseph Sockolov himself. If that be not true, there is ample support in the evidence for the conclusion that the scheme was undertaken by Mrs. Sockolov with her husband's full knowledge, acquiescence, and consent, and was, in effect, a transaction of the husband conducted in the wife's name. Whether the profit accruing from the purchase and sale of the hotel company stock was separate or community property was a matter to be determined from the mode in which the property was acquired. (*Estate of Granniss,* 142 Cal. 1, 4 [75 Pac. 324].) Any presumption arising in favor of the appellant Rose Sockolov from the nature of the transaction, that the stock purchased from the hotel company, and the profit on the investment, constituted separate property, was but a rebuttable presumption, to be disputed and overthrown by other evidence in the case. Whether or not it was dispelled and overcome by other testimony was a question, the solution of which rested solely with the jury. (*Volquards* v. *Myers,* 23 Cal. App. 500, 504 [138 Pac. 963].) The weight to be given to the testimony of the two defendants, that Sockolov said to his wife that if she "got something" out of the transaction with the Hooper Company she might "keep it" herself, was also a matter for the jury to determine. From the facts and circumstances laid before it, the jury has determined that the fourteen thousand dollars accruing as profit in the transaction with the C. A. Hooper Company was not the separate property of Mrs. Sockolov. Consequently it was community property of the appellants, and by reason of the insolvency proceedings became a part of the bankrupt husband's estate, which the respondent, as trustee in bankruptcy, had the right to recover.

[5] Appellants assert that the trial court erred in refusing to give certain instructions. The objections are stated without citation of authority or argument. Points so presented will not be considered. What wè have already said disposes of all other contentions made in support of the appeal.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.