[Civ. No. 5678.   First Appellate District, Division Two.—December 1, 1926.]

## E. FIRPO, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

[1] APPEAL—ALTERNATIVE METHOD—FAILURE TO PRINT RECORD—VERDICT—EVIDENCE—PRESUMPTIONS.—Where an appeal is taken under section 953a of the Code of Civil Procedure, the appellant must print the portion of the record upon which he relies, and where he does not comply with this requirement the appellate court must assume that the facts cited by respondent in support of the verdict were proved by competent evidence.

[2] INSURANCE — MISREPRESENTATIONS OF AGENT — ELECTION OF REMEDIES.—Where a person is induced to make certain monthly payments to an insurance company upon a policy of life insurance, through the misrepresentations of the insurance company's agent that the premiums are payable monthly instead of annually, and, although the payments are made monthly for more than one year, no policy of insurance is delivered until some fourteen months after the date of the transaction, when the company mails a policy dated as of the date of the transaction and gives notice that the policy was canceled because of failure to pay the annual premium for the second year, said person may elect to sue for damages resulting from the fraud, or to waive the tort and sue for the money paid.

[3] ID.—COMMON COUNT — UNCERTAINTY — BILL OF PARTICULARS.—The common count pleads every material issue in general terms, and if there is any uncertainty as to the particular items the defendant has his remedy by demanding a bill of particulars.

[4] ID.—MONEY HAD AND RECEIVED—EQUITY—IMPLIED PROMISE.—The action for money had and received is in the nature of an equitable one, and rests upon the obligation created by law, or by legal fiction, that where the defendant has money which in equity and good conscience he ought to pay to the plaintiff he is deemed to have promised to pay it.

[5] ID. — MONEY OBTAINED BY FRAUD OR MISTAKE — PLEADING. — The common-law action for money had and received will lie to recover money obtained by fraud, misrepresentation, duress, undue influence, and mistake of fact.

3.  See 3 Cal. Jur. 387.
4.  See 17 Cal. Jur. 602; 2 R. C. L. 778.
5.  See 17 Cal. Jur. 616, 617.

[6] ID.—MISREPRESENTATIONS OF AGENT—VOIDABLE CONTRACT—RETURN OF PREMIUMS.—In an action, in the form of a common count for money had and received, to recover payments made to an insurance company upon a policy of life insurance, through the misrepresentations of the insurance company's agent that the premiums were payable monthly instead of annually, it is not error to instruct the jury that an insured is entitled to a return of the premium when the contract is voidable on account of the fraud and misrepresentation of the insurer.

(1) 4 C. J., p. 773, n. 5.  (2) 1 C. J., p. 1037, n. 88; 27 C. J., p. 18, n. 33; 41 C. J., p. 63, n. 84, p. 66, n. 49.  (3) 41 C. J., p. 63, n. 84.  (4) 41 C. J., p. 28, n. 5, p. 29, n. 7, p. 33, n. 31.  (5) 3 C. J., p. 734, n. 43; 41 C. J., p. 46, n. 90, p. 50, n. 8.  (6) 32 C. J., p. 1237, n. 98.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge.  Affirmed.

The facts are stated in the opinion of the court.

F. Eldred Boland and Knight, Boland & Christin for Appellant.

Raymond Perry for Respondent.

NOURSE, J.—Plaintiff sued for $943.76 on a common count for money had and received.  The cause was tried before the court sitting with a jury and a verdict for the plaintiff in the sum prayed was returned.  From the judgment following the verdict the defendant has appealed on a typewritten record under section 953a of the Code of Civil Procedure.

Plaintiff based his action upon the claim that his assignors had paid the sum in suit to the defendant as premiums upon a policy of life insurance in the principal sum of $15,000; that his assignors were induced to make the payments through the misrepresentations of defendants's agent that the premiums were payable monthly instead of annually, as claimed by defendant; that the moneys were actually paid monthly for a period of more than one year into a savings bank, which transmitted them to the defendant; that no policy of insurance was delivered to the as-

signors until some fourteen months after the date of the transaction, when the defendant mailed to them a policy dated as of the date of the transaction and notified the assignors of plaintiff that the policy was canceled because of their failure to pay the annual premium for the second year.

[1] The appellant apparently does not controvert any of these facts, as it has not printed any of the evidence in its opening brief and has printed the complaint and nothing more in the appendix. In view of the rule that where an appeal is taken under section 953a of the Code of Civil Procedure the appellant must print the portion of the record upon which he relies, we may assume that the facts cited by the respondent in support of the verdict were proved by competent evidence.

[2] So far as we are able to understand appellant's position from the briefs filed, it seems to be that the complaint, being in the form of a common count for money had and received, was insufficient in law to raise the issue of fraud or misrepresentation, and that the trial judge improperly instructed the jury on that issue. The position of ·the respondent is that no policy of insurance was ever delivered to his assignors and that there was therefore no consideration for the monthly payments of premium; and that, because of the agent's misrepresentations as to the time of payment of the premiums, the minds of the parties did not meet and that the moneys were therefore paid under a mistake of fact. In reply the appellant insists that the policy was delivered to the bank for the benefit of the insured, but it does not controvert the evidence that the misrepresentations were made, as claimed, and does not claim that any knowledge or information was conveyed to the insured of the fact that the policy stated on its face that the premiums were payable annually.

Upon the record presented there is but one question open to discussion—does a common count for money had and received put in issue fraud or misrepresentation on the part of the defendant through which the money sued for was received by the defendant? The appellant insists that this cannot be, because, in an action for fraud, the fraud as well as the damage resulting therefrom must be specially pleaded. The obvious answer is that this is not an action for fraud or for damages, but is one in *assumpsit* upon an

implied contract to repay the money received by the appellant. The rule is elementary that a party may elect to sue for damages resulting from the fraud, or to waive the tort and sue for the money paid.

Whatever uncertainty may have arisen from the earlier decisions has been set at rest by the able opinion of Mr. Justice Sloss in *Pike* v. *Zadig*, 171 Cal. 273, 276 [152 Pac. 923], where it was held that these complaints in *assumpsit* were not subject to a general demurrer nor to a special demurrer for uncertainty. [3] The reason for the rule is that the common count pleads every material issue in general terms and that if there is any uncertainty as to particular items the defendant has his remedy by demanding a bill of particulars.

[4] "The basis of the action for money had and received is that the defendant has money which in equity and good conscience he ought to pay to the plaintiff." (17 Cal. Jur., p. 602.)  The action is in the nature of an equitable one (*Fontaine* v. *Lacassie*, 36 Cal. App. 175, 178 [171 Pac. 812]), and rests upon the obligation created by law, or by legal fiction, that where the defendant has money which in equity and good conscience he ought to pay to the plaintiff he is deemed to have promised to pay it. (*Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198, 200 [188 Pac. 1023].)

[5] The rule has stood without contest that the common-law action for money had and received will lie to recover money obtained by fraud, misrepresentation, duress, undue influence, and mistake of fact. (17 Cal. Jur., pp. 616, 617.) The appellant does not question the rule of these cases, but argues that it was taken by surprise when it was called on at the trial to meet the charge of misrepresentation by its agent. The procedure of the trial courts gives ample protection to a party under such circumstances, but it does not appear that the appellant asked for any relief from the trial court.

[6] The point is advanced without argument that the trial court erred in instructing the jury that an insured is entitled to a return of the premium when the contract is voidable on account of the fraud or misrepresentation of the insurer. No reason is given why the appellant claims that

the *instruction* is error. It correctly states the law as announced in section 2619 of the Civil Code.

Judgment affirmed.

Sturtevant, J., and Preston, P. J., *pro tem.*, concurred.