[Civ. No. 4029.   Third Appellate District.—March 13, 1930.]

FLORENCE BROWN, Respondent, v. LORA DE YOE BROWN et al., Defendants; T. H. KEWIN et al., Appellants.

Dennett & Zion for Appellants.

Gumpert & Mazzera and C. H. Hogan for Respondent.

PLUMMER, J.—The plaintiff had judgment against the defendants T. H. Kewin, C. D. Swan and Modesto Investment Company, a corporation, in an action for money had and received. From this judgment said defendants appeal.

The transcript shows that about the month of September, 1925, the members of the school board of the Modesto City School District decided to purchase a certain school site known as and called the ''Dry Creek Site.'' The site in question was then owned by one De Yoe. At the time mentioned the school board did not have the necessary funds with which to make the first payment on the

property and the board requested the plaintiff, with others, to advance to the board of education a sum sufficient to make such payment. In accordance with this request the plaintiff advanced the sum of $5,000. The sum of $2,000 was advanced by one Walter Beard and the sum of $3,000 by the appellants. These sums, aggregating $10,000, were used in making the first payment on the property on the twenty-seventh day of October, 1925. On that date De Yoe delivered to the Modesto Investment Company a grant, bargain and sale deed conveying said property to the company and on the same date the company executed and delivered to De Yoe a trust deed covering the property for the purpose of securing the payment of the remainder of the purchase price in the sum of $12,800. Thereupon the Modesto School District entered into an agreement with the Modesto Investment Company, under and by virtue of the terms of which the Modesto Investment Company agreed to sell to said school board and the school board agreed to buy the property. At the same time the Modesto Investment Company placed in escrow a deed conveying the property to the school district. On the twenty-eighth day of October, 1925, according to the testimony of the plaintiff, plaintiff signed a certain purported agreement between plaintiff and the Modesto Investment Company. This agreement is hereafter set forth. After the execution of all of the papers to which we have referred a recall election was had and three members of the board of the Modesto City School District were recalled. The members of the school board elected in place of the three recalled persons refused to complete the purchase of the property in question and some time later it was sold by the trustees named in the deed of trust and the property purchased by the defendant T. H. Kewin. The record likewise shows that the appellant C. D. Swan objected to signing some of the papers, or rather, objected to the money being turned over until the following paper was signed, which appears to have been executed some days after the plaintiff had advanced her $5,000. This agreement is in the words and figures following:

"Whereas, W. F. Beard has advanced the sum of Two Thousand Dollars, and Florence Brown has advanced the sum of Five Thousand Dollars, to the Modesto City School

Board to be used in purchasing The Northwest quarter of the Southeast quarter of Section 28, Township 3 South and Range 9 East, Mount Diablo Base and Meridian,

"And Whereas, said property is being conveyed to the Modesto Investment Company, a corporation, and said corporation is advancing the sum of Three Thousand Dollars, which together with the $7,000.00 above mentioned is being paid to N. E. De Yoe, as a part of the purchase price of the property above described, and said corporation is executing a Deed of Trust for the balance of said purchase price, amounting to Twelve Thousand Eight Hundred Dollars,

"And Whereas, the Modesto School District has agreed to purchase said property for the sum of Twenty Two Thousand Eight Hundred Dollars, and pay the purchase price in the manner provided for in an agreement between said Modesto Investment Company, and said Modesto School District, dated the —— day of October, 1925.

"And Whereas, said Modesto Investment Company is taking over said property for the purpose of accommodating said school district only, it is the understanding of said Modesto Investment Company that it is to be repaid in full for all moneys expended in connection with the purchase and sale of said property, together with interest thereon at the rate of Seven per cent per annum.

"Now therefore, it is agreed that said W. F. Beard and Florence Brown are to receive the money which they have advanced, above mentioned, only when paid to them by the Modesto School District, and in case said School District for any reason should not take said property, and they should not receive their pay from funds of the said School District, then in that event, they agree that said Modesto Investment Company shall sell the above described land, and that from said sale, said Modesto Investment Company shall receive all of the money which it has been out in said transaction, together with interest thereon at the rate of seven per cent per annum, and said W. F. Beard and Florence Brown shall be entitled to any money remaining of the sale or disposition of said land, and they will not look to said Modesto Investment Company for said money or any portion thereof except as above provided.

"Witness our hands this 21st day of October, 1925.

"MODESTO INVESTMENT COMPANY.
"By T. H. KEWIN, Pres. (Seal)
"By C. D. SWAN, Sect. (Seal)
"By W. F. BEARD. (Seal)
"By FLORENCE BROWN. (Seal)"

There is some dispute in the testimony as to the date when this instrument was signed, the plaintiff testifying that it had been signed by all the other parties whose names are attached thereto, preceding her own signature, and that she signed the paper on the twenty-eighth day of October, 1925.

The record shows that the Modesto Investment Company had on the fifteenth day of October, 1925, passed a resolution authorizing the purchase of the De Yoe property, or rather, to take the title to the property for the purpose of transferring the same to the Modesto School District according to the terms of the various instruments executed by the parties in relation thereto. At the time of the transactions being considered, it appears that the following instrument was also executed, being based in part upon the advancement of money by the plaintiff herein in the sum of $5,000. This agreement is in the words and figures following:

"Whereas, the Modesto Investment Company has acquired or is about to acquire the title to the real property hereinafter described, subject to a deed of trust for the sum of $12,800.00, executed or to be executed by said Modesto Investment Company to N. E. De Yoe, from whom said real property has been or is about to be acquired; and

"Whereas, the Modesto City School District is desirous of acquiring said real property for purpose of a school site, and has by majority vote of the Modesto City Board of Education, its governing body, authorized the purchase of said real property and authorized J. W. Guyler and Walter M. Johnson to negotiate said purchase; and

"Whereas, the said Modesto City School District has no funds available with which to pay for said property; and

"Whereas, the following persons have agreed to advance the money necessary for the first payment in the following amounts, to-wit:

"W. F. Beard, $2000.00

"T. H. Kewin and C. D. Swan, $3000.00

"Florence Brown, $5000.00.

"Now therefore, it is agreed that if the said persons shall advance and pay to the said Modesto Investment Company the sums hereinbefore mentioned, aggregating $10,000.00, the Modesto Investment Company agrees to make, execute and deliver to said Modesto City School District, or to such of its component school districts as the Modesto City Board of Education may designate, a grant, bargain and sale deed in usual form conveying said real property to said School District, subject to said Deed of Trust for $12,800.00, in favor of said N. E. De Yoe, and subject to taxes now a lien thereon, and subject to the easements and rights of way mentioned in Preliminary Report No. 1889 of the Sunny Valley Land & Title Company, to which reference is hereby made, but free from all claims of Sue Chung Gow, and free from all other claims, liens, easements, and encumbrances, restrictions, reservations, and rights of way.

"And the said Modesto Investment Company further agrees that until such time as the said Modesto City School District can raise the necessary funds by taxation, bond issue, or otherwise, with which to make, and can actually make the payments hereinafter provided for, such period, however, not to exceed one year from this date, said Modesto Investment Company will pay all interest and other charges accruing under or payable by the terms of the Deed of Trust hereinbefore mentioned and save and protect said property from sale under said deed of trust, and otherwise save and protect said property so that upon making the said payments hereinafter provided for, the said Modesto City School District shall receive said property, after payment by it of said deed of trust, free and clear of all liens, charges, encumbrances, restrictions and reservations excepting only taxes and the reservations for rights of way mentioned in said Preliminary Report No. 1889.

"And upon the funds therefor becoming available, the undersigned members of the Modesto City Board of Edu-

cation agree that they will take whatever action may be necessary to ratify or confirm this agreement or make the same a valid and binding obligation upon said district to purchase said real property, and will repay said W. F. Beard, T. H. Kewin, C. D. Swan and Florence Brown, the sums advanced by them as hereinbefore stated, including such legal and customary charges as are unavoidable, until maturity of above agreement.

"Dated this 28 day of October, 1925.

"MODESTO INVESTMENT COMPANY,
"Corporation.
"By T. H. KEWIN, Pres.
" (Seal)]     C. D. SWAN, Secty.
"MODESTO CITY BOARD OF EDUCATION
"J. W. GUYLER, Prest.
"E. D. ABBOTT, Secty."

It will be noticed that while the plaintiff's name is not signed as a party to this instrument, the instrument is executed for the benefit of, and for the purpose of protecting the interest of all of the parties advancing money to aid in the purchase of the school site. By this instrument the Modesto Investment Company agrees to protect the title to the property, to advance the funds necessary, pay the interest, and to protect the property from sale under the trust deed. The instrument does state that it is limited for the period of one year, but time is not made of the essence of this contract.

We may also state here that the record shows that the appellants Kewin and Swan were practically the sole owners of the Modesto Investment Company. Stock standing in the name of others was only sufficient in number of shares to qualify such persons to act as directors. While there is considerable difference in the dates of the respective instruments set out in the transcript, thus, the deed conveying the property from De Yoe to the Modesto Investment Company is dated the sixth day of October, 1925, and the deed of trust from the Investment Company back to De Yoe bearing date of the same day, and other instruments are dated on different days during the month of October, 1925, the record sufficiently shows that all of the instruments were really a part of one transaction.

No effort appears to have been made by the Modesto Investment Company or by the appellants Kewin and Swan to sell the property, and contrary to the terms of the last instrument we have set forth, the appellants permitted the property to be sold by the trustees named in the trust deed, and to be purchased by, or at least in the name of the appellant T. H. Kewin. The purchase price, including costs, accumulated interest, etc., amounted to the sum of about $13,000. Since the purchase of the property, as herein stated, it does not appear that the appellants have made any effort to dispose of the same.

On the part of the appellants it is insisted that as the property was sold for a less sum than sufficient to pay the plaintiff, the appellants are relieved from any further obligation. This contention, however, is untenable. The property was not sold pursuant to the agreement first herein set forth, nor was the title to the property protected for the benefit of the parties interested therein, pursuant to the second agreement hereinbefore set forth. All that the transaction legally amounted to was the transmuting of the title to the appellants in the name of T. H. Kewin, freed from the terms of the trust deed, and as the appellants have denied any obligations to the plaintiff for and on account of the moneys advanced by her, entering into the real purchase price of the premises, they immediately, in law, became charged with so much money in their hands, and an action for money had and received would immediately lie. (*Fontaine* v. *Lacassie,* 36 Cal. App. 175 [171 Pac. 812]; *Firpo* v. *Pacific Mutual Life Ins. Co.,* 80 Cal. App. 122 [251 Pac. 657]; *Hillwig* v. *Boyer,* 81 Cal. App. 763 [254 Pac. 662]; *Irvine* v. *MacGregor,* 203 Cal. 583 [265 Pac. 218].)

On the part of the respondent it is urged that as her money had already been advanced prior to the signing of the first agreement set forth in this opinion, that the agreement is without consideration, and therefore void. But whether the instrument is based upon a valid consideration, or whether it is not, the transaction, as it appears in the record, leads to the conclusion which we have stated, that the appellants are chargeable as for so much money had and received, and therefore we need not follow the argument either of the respondent or of the appellants as to the validity of the first agreement.

With this preliminary statement we may next consider the alleged errors upon which the appellants base their claim that the judgment "must be reversed."

■ It is first claimed that the court erred in permitting the jury trial, and in this behalf it is insisted that the demand for a jury trial was made too late. This alleged error, however, need not be further considered because it is well settled that a trial court has discretion to permit a jury trial, even after such a trial has been waived. ■ Nor does there appear any error in the fact that the Modesto School District and other parties named were not brought in and made defendants; that the only action the plaintiff had in this case was one for money had and received, against the appellants.

■ The appellants in this case have not complied with the provisions of section 953c of the Code of Civil Procedure, relating to appeals by the alternative method, in which section it is required that "in filing briefs in said appeal, the parties must, however, print in their briefs or in the supplement appended thereto, such portions of the record as they desire to call to the attention of the court." Omitting the answer of the appellants, less than twenty pages of the testimony in this case are printed as required by the section, although the reporter's transcript covers over 300 pages. Under such circumstances the law is well settled that an appellate court will not search the record and ascertain if the testimony is sufficient to support the verdict, and especially is this true when its insufficiency is not pointed out. (2 Cal. Jur., p. 727, and the cases cited on page 133 of the 1928 supplement.)

■ The appellants, following their objections which we have noted, set forth some thirty-odd exceptions upon which they base their claim for reversal on account of errors committed by the trial court in the admission of testimony, denial of their motion for a nonsuit, and also for a verdict in favor of the appellants, notwithstanding the verdict of the jury. No reasons are assigned in appellants' brief as to why a single ruling of the court in relation to the admission of testimony is erroneous, save as to exception appearing as No. 14. One example stands for all: "Q. I will ask you, Mr. Guyler, if there has been called any election of the Modesto School District for the purpose of authoriz-

ing the Board of Trustees to purchase the school lot or site, prior to the execution of this instrument in duplicate which I have shown you? Mr. Zion: Object as incompetent, irrelevant and immaterial; not the issues of this case." The court overruled the objection, exception 5. No reasons are assigned why the ruling of the court was erroneous, and the same appears down the line until we reach exception No. 14. Here, the objection made is to the whole line of testimony based upon the theory of the first cause of action set out in plaintiff's complaint, to wit, an action for money had and received. No reasons being assigned or set forth in the brief why the rulings of the court were not correct, it is not incumbent upon an appellate court to look for reasons. The motion for nonsuit of course is based upon all the testimony in the record. Here, again, appellants have not printed the testimony in their brief or as an appendix thereto, and under such circumstances an appellate court will not search the record to ascertain if there is sufficient testimony to send the cause to the jury. The same is true as to the motion for a directed verdict. However, we may state that what we have set forth herein shows very clearly that the appellants have had and hold the benefit of the moneys advanced by the plaintiff, and under the cases which we have cited, are under obligations to return the same.

Finally, it is urged that the court erred in its instructions given to the jury. Here, again, the instructions to the jury are not printed in the appendix to appellants' brief. However, we have read the instructions, and it appears therefrom that the jury was fully and correctly instructed. It would serve no useful purpose to analyze the various instructions and point out that the alleged errors are not sufficient to warrant reversal. ▇ We may further add that it was not necessary for the plaintiff to show that the appellants actually received the $5,000 advanced by her. All that was necessary was to show that the appellants had had the use and benefits thereof and were enjoying the fruits of the same. This raises the obligation to pay for the value received. No question appears to be raised in the briefs that the school site was not reasonably worth the sum paid to De Yoe by the parties concerned herein.

490

No appeal lies from the order denying a new trial, and hence need not be considered.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1930.