[Civ. No. 7368. First Appellate District, Division Two.—May 5, 1930.]

P. A. PALMER, Appellant, v. MEDICO DENTAL BUILD-
ING CORPORATION (a Corporation) et al., Re-
spondents.

W. H. Metson and E. B. Mering for Appellant.

John Francis Neylan and J. Paul Miller for Respondents.

SPENCE, J.—This is a motion to affirm the judgment based upon a directed verdict in favor of defendants on the ground of appellant's failure to print or set forth in his

brief or any supplement thereto, as required by section 953c of the Code of Civil Procedure, any portion of the record sufficient to justify a reversal of the judgment.

■ Appellant's brief is unusual in form and entirely insufficient to give the court any adequate understanding of the case. Only fragmentary portions of the pleadings are set forth from which it is impossible to determine the issues thereby made, the theory of appellant's case, or the relief sought. In fact, it does not appear from anything set forth in the brief that appellant's fourth amended complaint stated a cause of action against any of the respondents. Further, the brief is lacking in any orderly specification of alleged errors to aid in ascertaining the issues on this appeal. "The briefs must present each point separately under an appropriate heading showing the nature of the question to be presented." (Rule VIII, Rules of the Supreme Court and District Courts of Appeal.) ■ By inference from the space devoted, it may be surmised that appellant's main contention is that the trial court erred in refusing to admit in evidence certain exhibits set forth in the appendix. We should not be compelled to resort to inference. The specifications of error should be clearly set forth and a sufficient portion of the record should be printed to demonstrate such error. ■ By reason of the deficiency of the brief, it is impossible to determine therefrom whether the exhibits were relevant to any material issue made by the pleadings. Again, we are given no aid by anything printed or set forth in the brief in determining whether the evidence offered at the trial was sufficient to prove other material issues that may have been made by the pleadings. ■ The action of the trial court in directing a verdict in favor of the defendants was proper unless the evidence offered tended to prove all of the material issues. To affirmatively show error, it would be necessary to print or set forth adequate portions of the pleadings and evidence and we find appellant's brief entirely lacking in this regard.

■ All presumptions are in favor of the judgment and the proceedings upon which it is based and the duty is upon the appellant to affirmatively show the existence of error upon which he asks for a reversal. ■ Where an appeal is taken upon the alternative method the provisions of section 953c of the Code of Civil Procedure must be

complied with and if appellant fails to meet these requirements no duty devolves upon this court to make an independent investigation of a voluminous typewritten transcript in search of error upon which to base a reversal. (*Scott* v. *Hollywood Park Co.,* 176 Cal. 680 [169 Pac. 379].)

On oral argument of the motion to affirm the judgment the requirements of the law were called to appellant's attention, but no request was made for leave to file a supplemental brief. The provisions of section 953c have been repeatedly pointed out in the decisions and the appellant having failed to comply therewith by affirmatively showing the existence of error, the judgment should be affirmed upon motion. (*Bryant* v. *Kelly,* 203 Cal. 721, 722 [265 Pac. 817]; *Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290]; *Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054]; *Chandlee* v. *McCalla,* 179 Cal. 678 [278 Pac. 709]; *Riffee* v. *Gray Top Cab Co.,* 84 Cal. App. 110 [257 Pac. 447].)

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 3, 1930.