[Civ. No. 4249.   Third Appellate District.—April 9, 1931.]

HARRY A. LONG, Respondent, v. HENRY HARRISON et al., Defendants; WALTER H. SCHECKERT, Appellant.

Miller & Casady for Appellant.

John B. Haas and John D. Home for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—Upon further consideration of this cause we are led to the conclusion that there is sufficient evidence set forth in the transcript to sustain the judgment, save and except as to the modifications hereinafter set forth. Portions of the opinion filed herein upon first hearing may properly be adopted as expressing our views.

The complaint in this action consisted of two counts, the first of which was for money had and received, the second being for work, labor and service done, and material furnished. During the trial the case was dismissed as to defendant Jessie Calzasia and judgment was rendered against the remaining defendants for the amounts set forth in the complaint. Defendant W. H. Scheckert alone appeals.

The evidence produced by respondent in support of the first count of the complaint was to the effect that $250 of the $1250 therein named was assigned to him by Thomas C. Knight, and that the interest of his wife, Matilda E. Long, in the remaining sum of $1,000, was also assigned to him; that respondent and his wife were induced to place in the hands of defendants Harrison and Scheckert the said sum of $1,000 by reason of representations made by them that they had a lease upon certain mining claims, and that the said money would be placed in escrow and not used until a corporation was organized to develop the said mining claims, and that after said corporation was formed, said money would be used in the development of said claims; that said defendants did not have any lease upon said claims, nor did they, at any time organize a corporation; that instead of carrying out the purposes for which said money was placed in their hands, said defendants converted it to their own use, and failed and refused to repay the same to respondent and his wife.

The court found these facts to be true, and also found that the same false representations were made by said defendants to plaintiff's assignor, Knight. While there may be some question as to whether the finding of the court that the defendants represented to plaintiff's assignor Knight that they had a lease on any mining claims, we think there is sufficient evidence in the transcript to show that the defendants represented that the money would not

be used until a corporation was organized to develop mining claims, and that after such corporation was organized, the money would be used for that purpose. The testimony shows that no corporation was formed, and further, that the money was not placed in bank and held in escrow as represented by the defendants that it would be. Not having used the money obtained for the purposes represented, the court was justified in finding that the defendants had that much money in their possession to which the plaintiff, as assignee of Knight, was duly entitled.

As to the second count in the complaint, we are satisfied that there is substantial evidence in the record to support the finding of the court that the respondent was hired by said defendants to work upon certain mining claims at a wage of $6 per day. The court found that respondent commenced said work on August 16, 1925, and continued to work for the defendants until February 10, 1926, and that during said period he worked every day. The testimony of Long is as follows: ''Q. How many working days did you put in? A. Well, practically working every day. If I was not working on the mine, I was hauling Harrison around, who was supposed to be the manager up there. Q. In order to get it into the record, Mr. Long, when did you terminate your employment up there? When did you end your employment, as you claim? When did you stop working for these people? A. It was in February, 1926. Q. The work you did at the mine which you have just told about, was in your efforts to comply with this agreement and develop the mining claims according to this contract? A. My work was done according to the instructions of their manager. Q. When did you leave there? A. In February. Q. I will ask this question: You went up to the property in August, 1925, did you not? A. Yes.'' The testimony set forth in the transcript was along the same line as we have just stated, that the plaintiff was at the mine as an employee during the entire period, either working in the mine or performing other duties in connection therewith. The appellant likewise testified that so far as he knew, Mr. Long worked at the mine during the time he was there. It may be here stated that the mining property was located in Calaveras County.

The testimony further shows that the plaintiff was to be compensated for the use of his automobile; that the defendants agreed to pay a reasonable sum per mile for the use of the same, as well as for his services in operating it. It is further in evidence that the plaintiff operated his automobile in behalf of the defendants to the extent of traveling at least 2,500 miles. The testimony is further to the effect that 25 cents per mile was a reasonable charge for such use in the section of the country where the automobile was operated, to wit, in the hilly and mountainous country in Calaveras County. In this particular, however, the testimony warrants only a finding that the plaintiff operated his automobile for the uses and purposes of the defendants, to a distance of only 2,500 miles; that the compensation testified to was a reasonable charge, and that the court should have allowed therefor only the sum of $625, instead of the sum of $837.50.

The main contention of the appellant in this action is that there was a contract between plaintiff's assignors and the defendants under which the money named in the first count of the complaint was paid to them, and there having been no rescission of the contract, an action for money had and received will not lie. This contention is without merit. In 17 California Jurisprudence 616, the rule relating to the use of common counts in actions similar to this, is thus stated: ''An action for money had and received will lie to recover money obtained by one person from another by false and fraudulent representations or by the exercise of undue influence.''

In *Minor* v. *Baldridge,* 123 Cal. 187 [55 Pac. 783, 785], the right to use a common count in an action for money had and received, where the money has been obtained by fraud, is clearly and distinctly approved. The language found in the opinion is as follows: ''At common law, the common count for money had and received could be used to recover money obtained by false and fraudulent representations. (1 Chitty on Pleadings, 364.) In *Moses* v. *Macferlan,* 2 Burr, 1005, Lord Mansfield said: 'One great benefit which arises to suitors from the nature of this action is that plaintiff need not state the special circumstances from which he concludes that, *ex aequo et bono,* the money received by the defendant ought to be deemed to belong to him. He may

declare generally that the money was received to his use, and make out his case at the trial. This kind of action to recover back money which ought not in justice to be kept is very beneficial, and, therefore, much encouraged. It lies for money paid by mistake, or upon a consideration which happens to fail, or extortion, or oppression, or an undue advantage of the plaintiff's situation contrary to the laws made for the protection of persons under those circumstances.' '' This statement of the law is approved and followed in *Firpo* v. *Pacific Mutual Life Ins. Co.*, 80 Cal. App. 122 [251 Pac. 657]; *McElhany* v. *W. E. Moyer & Co.*, 101 Cal. App. 53 [281 Pac. 87]; *Fallon* v. *Sockolov*, 55 Cal. App. 33 [202 Pac. 909]; *Winkler* v. *Jerrue*, 20 Cal. App. 555 [129 Pac. 804]; *Wagner* v. *Wedell*, 3 Cal. App. 274 [85 Pac. 126].

It follows from what we have said that the judgment should be affirmed, save and except that there should be deducted from the amount allowed for the use and operation of the plaintiff's automobile the sum of $212.50. And it is so ordered.

It is further ordered that neither of the parties hereto be awarded costs.