[Civ. No. 6879. Second Appellate District, Division Two.—August 14, 1931.]

STELLA BURNS, Respondent, v. RENAKER COMPANY (a Copartnership) et al., Appellants.

Dunn & Sturgeon for Appellants.

A. D. Orme and John C. Davis for Respondent.

WORKS, P. J.—This appeal is prosecuted under what is known as the alternative method, provided for by section 953a of the Code of Civil Procedure and by several other sections which follow it. Section 953c provides, in part: "In filing briefs in said appeal the parties must, however, print in their briefs, or in a supplement appended thereto,

such portions of the record as they desire to call to the attention of the court." Rule VIII of the "Rules for Supreme Court and District Courts of Appeal" contains the following: "Where the parts of the typewritten record relied upon on appeal are required to be printed in the briefs (Code Civ. Proc., sec. 953c et seq.), it shall be sufficient to state therein the substance of such record, parenthetically referring to the line and page of the typewritten transcript for verification . . . "

█ The principal questions in the present case are whether the evidence is sufficient to support certain findings of the trial court. In such a case we have the right to expect that the briefs will show us, either by quotation or by statement of substance, the evidence which supports or shows the lack of support of the assailed findings. Instead of this desideratum, let us observe what has been presented to us.

The offenses against statute and rule of court do not appear in the opening brief of appellants. These parties have inserted an appendix to their brief, and in it we find over thirteen pages of testimony, quoted directly from the typewritten record. Various portions of this matter in the appendix are referred to in the argument which precedes it. Here appears, then, a satisfactory observance of statute and rule.

We are in deep waters, however, when we take up respondent's brief. It contains no supplement or appendix, although, of course, this is not necessary, as matter from the record may properly be reproduced in the main body of a brief. █ But respondent does not even adopt this latter method. Counsel makes in the brief at least twenty-three statements in support of each of which citations of places in the record are appended. With the possible exception of four of these statements—and these four are somewhat in doubt—they all present general matter only, that is, they show no specific testimony, either by quotation or in substance, but state conclusions of the author of the brief. We shall now set down a few of these statements, without explaining what relation they bear to a decision of the cause on the merits, as no such explanation is at present necessary. One statement: "Leslie Renaker had full charge of the undertaking establishment." In support of this con-

clusion four places in the typewritten record are pointed to. Another statement: "J. W. Burns did not contract that respondent's services were to be included in this compensation." This is followed by two citations from the record. Another: "Respondent was treated as an employee by C. Taylor Renaker and Leslie Renaker and they received the full value of her services." This statement is followed by six citations from the transcript. Again: "Respondent entered into an agreement under which she was to render services of a definite nature at a compensation of $100.00 per month." Four citations of the record appear here. These quotations and remarks will give some idea of the extent to which respondent has transgressed the provisions of the statute and of the rule of court.

The reply brief of appellants shows some very slight departures from the statute and rule, but they are so few and so trivial as to require but this brief notice.

This court has long been harassed by both minor and major violations of its rules of court. We have formerly been lenient as to these matters, but the evil seems to grow under this benevolent lack of regimen. We have lately, therefore, enforced the penalties incurred by a violation of the rules except in particular cases in which there has seemed to be some excuse for the dereliction, and the other courts of review of the state, apparently, have also become more severe in such cases. It seems that, in the manner of obedience to the rules of court, we should make strenuous endeavor to see to it that many of the members of the bar who are not now doing so shall resume the practice of the law, for rules of court, generally speaking, have the force of law, and a knowledge of their purport is as necessary to the practitioner at the bar as is his knowledge of the law itself, properly so called.

It is possible, although we do not decide, that because of the failure of respondent to observe the rule of court and statute above mentioned we have the power to disregard her brief, except that small portion of it which states a few rules of law, with citations of authority, and decide whether the evidence quoted in the appendix to the brief of appellants, alone, supports the assailed findings of the trial court. Bearing somewhat, but perhaps remotely, upon this question is the following portion of rule V of the "Rules for

Supreme Court and District Courts of Appeal'': ''If the respondent shall not file his points and authorities within the time allowed therefor, the cause may be submitted for decision upon the appellant's brief, in which case the court may, in its discretion, decide the case upon the statement of facts contained in such brief.'' In legal effect, it may possibly be said that upon the question whether the findings are supported by the evidence respondent has filed no brief. If that can be said, rule V may apply.

There is no doubt that such a course as that just suggested may be taken in cases in which appellants have failed to incorporate in their briefs the parts of the record upon which they rely. ''In such cases . . . an appellate court will not search the record and ascertain if the testimony is sufficient to support the verdict . . . '' (*Brown* v. *Brown,* 104 Cal. App. 480 [285 Pac. 1086, 1090]. See, also, *People* v. *Ferugia,* 95 Cal. App. 711 [273 Pac. 99]; *Palmer* v. *Medico Dental Bldg. Corp.,* 105 Cal. App. 503 [288 Pac. 80].)

The case of a respondent violating, even flagrantly, the rule as to reproduction of the record in his brief may occupy a different situation, for, generally speaking, at least, it is incumbent upon an appellate court to affirm judgments if possible, this rule being a concomitant to the one that the burden to show error is upon the appellant. We have seen no case in which such extreme action as totally disregarding a respondent's brief and deciding the case without reference to it has been taken. We shall not now decide whether that course may be taken, but we do think the order which we are about to make is proper. Certainly, some penalty must be exacted under the statute and the rule when the offense is as extreme as it is here.

The order heretofore made, submitting the cause for decision on the merits, is hereby vacated. Respondent's brief is stricken from the files, with leave, if respondent be so advised, to file a substitute brief within twenty days from the filing of this opinion, appellants to file a new reply brief within fifteen days thereafter if they be so advised. The cause will be resubmitted for decision on the merits after the new briefs have been filed, or after the time provided therefor has expired, without such filing.

Craig, J., and Archbald, J., *pro tem.,* concurred.