[Civ. No. 19520. Second Dist., Div. Two. Nov. 6, 1953.]

EVERETT S. CALHOUN, Respondent, v. GARY DAVIS, Appellant.

Morris Lavine for Appellant.

Simpson & Wise and Hall & Kent for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover money which defendant Gary Davis, hereinafter referred to as defendant, obtained by fraud from plaintiff, defendant appeals.

*Facts:* In October and November, 1948, defendant and his agent, Leonard B. Kinister, made false representations to plaintiff by reason of which plaintiff was induced to enter

into a contract with defendant, dated November 23, 1948, whereby in consideration of plaintiff's agreement to pay defendant $55,000, $10,000 of which was paid forthwith, plaintiff was assigned a distributor-dealer franchise for the sale of the Davis Car in King County, State of Washington, and the Territory of Alaska. The false representations were: (1) the Davis car would be sold f.o.b. factory Van Nuys, California, for the price of $995 per car; (2) mass production would commence on January 1, 1949, or shortly thereafter in quantities of 150 cars per day; (3) defendant had received about $1,000,000 in cash from franchise holders and an additional sum of approximately $250,000 would be forthcoming from the sale of franchises and these sums of money would be entirely sufficient to finance production of the car to the extent of 150 cars per day; (4) defendant had a plant expansion fund in cash of $100,000 which was being held as a reserve account for the purpose of expanding the plant at the time production commenced; (5) many of the employees of defendant were working for nothing because of their great interest in the car and they hoped to be paid later when the car was in production, but that in no event did the salary of any employee, including defendant, exceed $50 per week; (6) the sale of franchises was limited to dealers in the Pacific Coast states and because of this limitation of dealerships three quarters of a car per day would be available; and (7) the necessary jigs and dies for production of the car in quantities of 150 cars per day would be ready by January 1, 1949.

After the contract of November 23, 1948, was entered into, plaintiff sold several distributor franchises which were approved by defendant as required by his agreement with defendant. At the end of March, 1949, plaintiff became suspicious that defendant had misrepresented the facts to him and came to Long Beach for a conference with defendant.

On March 24, 1949, plaintiff received through the mail from Mr. Kinister a dealer franchise which had been sold by Kinister to Thornton-Weaver two days before. Plaintiff had no prior knowledge of this sale, and the proceeds thereof were deposited by Mr. Kinister to plaintiff's bank account in Seattle.

The afternoon of April 2, 1949, plaintiff had a three-hour conference with defendant during which plaintiff requested the return of the money which he had invested, whereupon defendant assured plaintiff that everything was all right and they were going into production as he had represented; that

the potentialities of the utility or military vehicle which defendant expected to manufacture would "put the company on the road to good business." Thus being reassured, plaintiff obtained defendant's approval of the assignment to him of the franchise to Thornton-Weaver.

Thereafter, upon learning that the representations set forth above were in fact false and fraudulent and that defendant had reiterated the fraud and misstatements in his conference with plaintiff on April 2, 1949, plaintiff, on April 5, 1949, instituted the present action in the form of a common count for money had and received to recover the money he had paid defendant. Having found that all the statements of defendant were untrue and were made for the purpose of cheating plaintiff, the court entered judgment for the sums paid by reason of such representations, to wit, $26,757.67.

The foregoing facts are disclosed by the record and are not questioned by defendant.

These are the propositions urged by defendant which it is necessary for us to determine:

First: *The common count for money had and received did not lie to recover the money which defendant had obtained from plaintiff through fraud.*

This proposition is untenable. It is settled that where one person obtains money from another by false and fraudulent representations an action under the common count for money had and received will lie to recover such sums. (*Long v. Harrison,* 113 Cal.App. 321, 324 [3] [298 P. 148].)

Second: *Plaintiff could not maintain his action because he had not rescinded the contract which he entered into with defendant.*

 This proposition is likewise devoid of merit for two reasons: (1) It is the law that where money is obtained by false and fraudulent representations and the plaintiff has not received anything of value from the defendant, it is unnecessary to rescind the contract other than to institute an action to recover the consideration which plaintiff has paid. (*Philpott v. Superior Court,* 1 Cal.2d 512, 525 [36 P.2d 635, 95 A.L.R. 990]; *Cherry v. Hayden,* 100 Cal.App.2d 416, 420 [7] [223 P.2d 878].)

In the present case the evidence discloses that plaintiff received nothing of value from defendant. Therefore there was nothing for him to restore to defendant and it was unnecessary for him to give defendant further notice of rescission than by instituting the action.

■ (2) An objection on appeal that notice of rescission of a contract was not given will not be considered where it was not raised in the trial court. (*Cherry* v. *Hayden, supra,* 416, 420 [6].)

In the instant case the record fails to disclose that defendant presented this objection to the trial court, therefore it will be deemed to have been waived under the foregoing rule.

Third: *The trial court erred in crediting plaintiff with the sum of $8,157.67 for expenditures by him in the promotion and development of the Davis motor car.*

■ This proposition is devoid of merit for two reasons: (1) Defendant has appealed on a partial transcript only and in his notice of appeal did not specifically set forth as a ground therefor any alleged error of the trial court in including in the judgment the $8,157.67. He has therefore waived his right to urge this contention on appeal since rule 4(b), Rules on Appeal, reads in part: "If the appellant, in his notice to the clerk, states the points to be raised by him on the appeal, he may designate the portions of the oral proceedings to be transcribed, or direct the omission of any portions which he deems unnecessary, *and in such event shall be precluded from presenting any ground for reversal not embraced within the points stated by him, . . .*" (Italics added.) (36 Cal.2d 3 et seq.)

The foregoing rule is here applicable.

■ (2) The present case was tried upon the assumption that there was an issue as to the propriety of the inclusion in the judgment of sums expended by plaintiff in the development and promotion of the Davis car. Where a trial is held upon the theory by all the parties that certain issues are before the trial court, upon appeal a party will not be heard for the first time to urge that such issues were not properly before the trial court. (*McClure* v. *Donovan,* 33 Cal.2d 717, 731 [12] [205 P.2d 17]; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [7] [162 P.2d 934].)

Fourth: *Plaintiff was barred from maintaining his action for the reason that after discovering defendant's fraud, plaintiff waived it by obtaining defendant's approval of the Thornton-Weaver franchise.*

■ This final proposition is also devoid of merit for three reasons: (1) The record discloses that plaintiff did not obtain defendant's approval of the Thornton-Weaver contract after learning of the fraud which had been perpetrated upon him, but that on April 2, 1949, the date of the approval of

the Thornton-Weaver dealership agreement, defendant re-iterated the misstatements and fraudulent representations which he had previously made to plaintiff, and it was only after such misrepresentations were repeated that he continued to recognize his contract with defendant by obtaining the latter's approval. When plaintiff discovered the fraud and misrepresentations which defendant had made to him on April 2, 1949, he instituted the present action.

▊ (2) Defendant has forfeited his right to urge that plaintiff waived the fraud perpetrated upon him for the reason that waiver is an affirmative defense and a defendant relying thereon must set it up in his answer. (*Wood* v. *Jotham Bixby Co.*, 29 Cal.App.2d 294, 299 [4] [84 P.2d 204]; *Williams* v. *Marshall*, 37 Cal.2d 445, 456 [10] [235 P.2d 372].)

In the instant case defendant failed to plead waiver as an affirmative defense.

▊ (3) The question of waiver is one of fact for the trial court whose determination supported by substantial evidence, as in the present case, is binding upon an appellate court and will not be disturbed upon appeal. (*French* v. *Freeman*, 191 Cal. 579, 590 [11] [217 P. 515].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 30, 1953, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1953. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.