[Civ. No. 7187.    Fourth Dist.    June 5, 1964.]

AMANDA LLOYD, Plaintiff and Appellant, v. JOHN F. WILLIAMS, Defendant and Respondent.

Otis Babcock for Plaintiff and Appellant.

Glenn A. Lane for Defendant and Respondent.

BROWN (Gerald), J.—Plaintiff Amanda Lloyd appeals from a judgment which denied her recovery of money paid under contract and which allowed defendant John F. Williams recovery on a counterclaim.

The plaintiff entered into a cost-plus contract for the construction of a duplex by the defendant. After the building was accepted the plaintiff filed suit to recover a portion of the money paid pursuant to the contract. In two counts she

sought money had and received and an accounting on the theory that the defendant had paid less for labor and materials than he claimed.

Fifteen months after the original complaint was filed; four months after the pretrial conference order had been made; and five weeks before trial, the plaintiff moved to amend the complaint by adding three causes of action which alleged that the defendant fraudulently induced her to enter into the contract and that he had failed to fully perform. The motion, which was not supported by points and authorities, was denied February 23, 1962. An identical motion, with points and authorities, was denied March 9, 1962. The case went to trial March 15, 1962. At the conclusion of the plaintiff's case the motion to amend was reiterated and again denied. The plaintiff was nonsuited and the defendant recovered $544.56 and costs on his counterclaim.

The plaintiff's first contention is that the trial court erred in refusing to grant her motion to amend the complaint. The first properly presented motion to amend was heard less than one week before trial. No explanation was offered for the delay. It was not offered to cure a technical defect, but instead added facts and substantially changed the theory of the plaintiff's case.

The Supreme Court said in *Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 188-189 [272 P.2d 1]: "It is a basic rule of pleading in this state that amendments shall be liberally allowed ..., but 'the question whether the filing of an amended pleading should be allowed at the time of trial is ordinarily committed to the sound discretion of the trial court.' (*Moss Estate Co.* v. *Adler* (1953) 41 Cal.2d 581, 585 [261 P.2d 732].) In the *Moss Estate* case, twelve days before the trial date and more than a year after the original answer was filed, the defendant served notice of motion for leave to file an amended answer alleging a new defense based on different facts; no excuse for the delay was given; the trial court denied the motion and we affirmed."

We conclude the trial court did not abuse its discretion in denying the motion to amend.

The plaintiff's next point is that under the common count for money had and received she should have been permitted to introduce evidence to show that she was induced to enter into the contract by the defendant misrepresenting the maximum cost per square foot of the building. In some instances fraud may be proved under a common count for money had and received. (*Minor* v. *Baldridge*, 123 Cal. 187,

190 [55 P. 783]; *Firpo* v. *Pacific Mutual Life Ins. Co.,* 80 Cal.App. 122, 125 [251 P. 657]; *Ponti* v. *Farrell,* 194 Cal.App. 2d 676, 679 [15 Cal.Rptr. 500].) ■ A contract induced by fraud is voidable, not void. (Civ. Code, § 1566; *City of Oakland* v. *California Constr. Co.,* 15 Cal.2d 573, 577 [104 P.2d 30].) ■ Until an express contract is avoided, an implied contract, essential to an action on a common count (*McCall* v. *Superior Court,* 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]) cannot arise, and it necessarily follows that until an express contract is avoided, an action on an implied contract cannot be maintained. (*Bechtel* v. *Chase,* 156 Cal. 707, 711-712 [106 P. 81].) There are some exceptions to this rule, none of which are applicable. (See *Long* v. *Harrison,* 113 Cal.App. 321, 325 [298 P. 148] [complete failure of consideration]; *Calhoun* v. *Davis,* 121 Cal.App.2d 167 [262 P.2d 620] [nothing of value under the express contract].)
■ A party cannot retain substantial benefits under an express contract and recover under the theory of an implied contract. ■ Return of benefits under an express contract is a condition precedent to an action for rescission. (Civ. Code, § 1691; 9 Cal.Jur.2d, Cancellation of Instruments, § 28, p. 570.) ■ Since the plaintiff cannot return the benefits conferred under the express contract the action for money had and received will not lie. The proper remedy, if any, was an action in tort for deceit. (*Bechtel* v. *Chase,* 156 Cal. 707, 711 [106 P. 81].) ■ Since deceit was not pleaded, the trial court properly excluded evidence of deceit.
■ The same result follows under the general rule that a common count is controlled by a specific cause of action in which the supporting facts are stated in detail. (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396].) ■ The facts alleged in the plaintiff's second count indicated that the defendant misrepresented his expenditures for labor and materials under the contract. The joint pretrial statement, incorporated in the pretrial conference order, is consistent with this theory. At the trial the plaintiff sought to prove the defendant fraudulently induced the plaintiff to enter into the contract by misrepresenting the maximum cost per square foot of the building. This is inconsistent with the allegations detailed in the second count and the pretrial conference order. Since evidence in support of this theory would be immaterial under the specific count, it would be equally immaterial under the dependent general count.
■ The final contention of the plaintiff is that the court

erred in refusing evidence of specifications and limiting the maximum cost per square foot of the building. The evidence limiting cost, as indicated above, was immaterial. As to the specifications the plaintiff's contention is not true; the court allowed such testimony.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.